Green Unemployment Compensation Case.

Argued October 7, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Louis DiGiovanni,* for appellant.

*William L. Hammond,* Special Deputy Attorney
General, for appellee.

OPINION BY WRIGHT, J., December 29, 1953:

This is an appeal from a decision of the Unemploy-
ment Compensation Board of Review holding appellant
ineligible for benefits under section 402(b) of the
Unemployment Compensation Law: Act of 1936, (1937)
P. L. 2897, as amended, 43 P.S. §802. Affirming the
findings of fact made by the Referee, the Board con-
cluded that claimant quit his employment because of
a personal difference with a co-worker which did not
constitute good cause for the separation.

For sixteen years claimant had been employed as
a carding machine operator for Hardwick and Magee
Company in Philadelphia. Both the shop foreman and
the superintendent testified that claimant was a com-
petent workman. He was employed on the day shift,
working until 3:00 p.m. Another employe reported at
2:45 p.m. and operated the same machine during the
second shift. A difference arose between the two men
over the manner in which the work was being per-
formed, culminating in an incident on Friday, March
23, 1951, in which the other man struck the claimant.
On the following Tuesday (the plant having been
closed down for the Easter holiday) claimant and the
other man were called to the Superintendent's office
and requested to "shake hands and make up". The

other man was willing to do this, but claimant refused and quit work.

Section 402 (b) of the Unemployment Compensation Law provides inter alia that an employe shall be ineligible for compensation for any week "In which his unemployment is due to voluntarily leaving work without good cause". Appellant contends that his leaving was with good cause and not a mere whim or impulse, citing *Department of Labor and Industry v. Unemployment Compensation Board of Review*, 164 Pa. Superior Ct. 421, 65 A. 2d 436; *Barclay White Co. v. Unemployment Compensation Board of Review*, 356 Pa. 43, 50 A. 2d 336; and *Sun Shipbuilding and Dry Dock Co. v. Unemployment Compensation Board of Review*, 358 Pa. 224, 56 A. 2d 254.

Good cause means cause sufficient to justify an employe voluntarily leaving the ranks of the employed and joining the ranks of the unemployed: *Sun Shipbuilding and Dry Dock Co. v. Unemployment Compensation Board of Review*, supra. It is impossible to give a general definition of good cause, and the meaning of the words must be determined in each case from the particular facts: *Barclay White Co. v. Unemployment Compensation Board of Review*, supra. To constitute good cause, claimant's conduct must meet the standards of ordinary common sense and prudence: *Kaylock Unemployment Compensation Case*, 165 Pa. Superior Ct. 376, 67 A. 2d 801. He must be compelled to quit by necessitous circumstances or because of legal or family obligations: *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 45 A. 2d 898.

In the *Barclay White* case, supra, it was held that good cause might include reasons which were personal to the employe and extraneous to the employment, providing they were substantial and reasonable. In the

*Sun Shipbuilding* case, supra, the term was said to include situations where the working conditions were dangerous or detrimental to health. In *Department of Labor and Industry v. Unemployment Compensation Board of Review,* supra, we held that the vitalizing element of good cause is good faith, which term embraces not only freedom from fraud, but also positive conduct consistent with a genuine desire to work and be self supporting.

Applying these criteria to the present factual situation, it is apparent that claimant has not sustained the burden of showing good cause. The Board found that ill feeling had been developing between claimant and the other employe over a period of some time; that claimant did not suffer any injury as a result of being struck, only that "his feelings were hurt"; that, when the superintendent attempted to settle the controversy, claimant refused and voluntarily quit his job; and that he could have continued in his employment without any undue hardship. These findings of fact are consistent with each other and with the Board's conclusions of law, and can be sustained without a capricious disregard of the competent evidence: *Lavely v. Unemployment Compensation Board of Review,* 163 Pa. Superior Ct. 66, 60 A. 2d 352; *Tronieri v. Unemployment Compensation Board of Review,* 164 Pa. Superior Ct. 435, 65 A. 2d 426.

In the words of Chief Justice MAXEY in *Sun Shipbuilding and Dry Dock Co. v. Unemployment Compensation Board of Review,* supra, "Even in matters connected with his employment there must be some limit to the legally approved list of 'good causes' for quitting employment. The quitting must be for such a cause as would reasonably motivate in a similar situation the average able bodied and qualified worker to give up his or her employment with its certain wage

rewards in order to enter the ranks of the 'compensated unemployed'. An employe may contend that the character and habits of his fellow employes are distasteful to him, . . . . . yet these and similar reasons cannot be legally accepted as a 'good cause' for leaving one's employment".

Decision affirmed.

WOODSIDE, J., took no part in the consideration or decision of this case.