Wright Unemployment Compensation Case.

Argued November 11, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Herbert E. Wright,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

PER CURIAM, December 29, 1953:

The Unemployment Compensation Board of Review, after hearing, disallowed claims for unemployment compensation benefits on the ground that claimant voluntarily left his last employment without good cause. Section 402 (b) of the Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §802 (b). Claimant has appealed from the Board's decision to this Court.

Claimant was employed as manager of a diner in Lancaster, Pennsylvania, from September, 1952, until April 17, 1953, when he dismissed the help and closed the diner without notice to his employer. Claimant was paid a salary. He gave contradictory reasons for his action. The final one upon which he relied was that the food supply was insufficient to continue the operation of the diner. His various reasons, including the last, were contradicted by the employer who testified that there was ample food supply on hand to continue operations indefinitely. The employer further testified that claimant was not authorized to close the diner, that claimant was not discharged, and that claimant could have continued his employment if he had so desired. In any event, claimant being paid on a salary basis in his employment, any curtailment in food purchases and any decrease in business as a result thereof would not have affected the claimant or his employment.

Claimant did not establish any reasonable justification or necessitous circumstances for leaving his employment. See *Green Unemployment Compensation Case*, 174 Pa. Superior Ct. 286, 101 A. 2d 119; *O'Donnell Unemployment Compensation Case*, 173 Pa. Superior Ct. 263, 98 A. 2d 406.

The evidence clearly supports the Board's finding and conclusion that claimant voluntarily quit his employment, and that he established no reason which could be construed as constituting good cause for his action.

Decision of the Board is affirmed.