## Carpenter Unemployment Compensation Case.

Argued April 13, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Wallace E. Edgecombe,* with him *Robert Van der Voort,* and *Van der Voort, Royston, Robb & Leonard,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY ERVIN, J., July 21, 1955:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review affirming the decision of the referee disallowing benefits on the ground that claimant had voluntarily left her employment without good cause within the meaning of §402(b) of the Unemployment Compensation Law of 1936, as amended, 43 PS §802(b).

The board adopted the referee's findings which are as follows: "1. The claimant was last employed by the Viko Furniture Company, Eldred, Pennsylvania, as a degreaser operator at an hourly wage rate of 95 cents. Her regular work week was from Monday through Friday. She commenced work on February 2, 1953, and her last day worked was August 27, 1954, when she voluntarily terminated her employment.

"2. Prior to the claimant's last day worked, she requested a transfer to another shift due to her dissatisfaction with working with one of the other employes. Because no vacancy existed, this request for a change of shift was not granted by the employer, and the claimant thereupon terminated her employment."

Our examination of the record clearly discloses that the findings are supported by substantial evidence. In her petition for appeal from the decision of the bureau claimant made the following statement: "Don't agree with the decision. for two year I have asked for a tranfered and could not get one because we did not get along." In her interview with the appeal clerk in the local office of the bureau the claimant executed a signed statement with respect to the circumstances surrounding her separation in which

she admitted that: "I quit my job on August 27th when they refused to transfer me to another job." The personnel director testified at the referee's hearing that when he called claimant on the telephone to inquire why she had not reported for work on the Monday and Tuesday following her last day at work on Friday, August 27, the claimant told him she wanted to get a "transfer on nights." He stated that he told her there was no vacancy available and that the night shift would shortly be discontinued. When he then inquired what her intentions were he testified that claimant replied: "Well, I guess I'll quit." This evidence clearly supports the findings of the referee, adopted by the board, that claimant voluntarily terminated her employment because she was unable to obtain a transfer to the night shift. Findings of the board which are supported by substantial competent evidence are binding on us. *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525. Any employe who refuses to work a particular shift because of domestic circumstances voluntarily terminates his employment without good cause under §402(b) of the Unemployment Compensation Law, as amended by the Act of August 24, 1953, P. L. 1397, 43 PS §802. *Spotts Unemployment Compensation Case,* 176 Pa. Superior Ct. 484, 109 A. 2d 212.

The remaining question for determination is: Did the refusal of the employer to transfer claimant to the night shift constitute "good cause" for leaving her employment?

The general principles applicable to a determination of what constitutes good cause for the termination of employment by an employe were summarized by President Judge RHODES in *Horning Unemployment Compensation Case,* 177 Pa. Superior Ct. 618, 621, 622, 112 A. 2d 405, as follows: "We have said that, to con-

stitute good cause, claimant's conduct must meet the standards of ordinary common sense and prudence. Kaylock Unemployment Compensation Case, 165 Pa. Superior Ct. 376, 67 A. 2d 801. In Sturdevant Unemployment Compensation Case, 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898, 903, we held that, to constitute good cause, the circumstances compelling the decision to leave employment must be 'real not imaginary, substantial not trifling, reasonable not whimsical. . .' And, of course, good cause exists only when it has its basis in good faith. Brilhart Unemployment Compensation Case, 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260; Allen Unemployment Compensation Case, 174 Pa. Superior Ct. 514, 517, 102 A. 2d 195."

Applying these principles to the present factual situation it is apparent that claimant has not sustained the burden of showing good cause. By her own admissions the claimant quit her job when her employer refused to transfer her to the night shift. She testified that the reason for her request for transfer was because she and a fellow employe could not get along. There is no testimony indicating the extent of their inability to get along but claimant had worked with this same employe on the day shift for a year and a half and there is no indication that it had adversely affected her work or was so serious a personal problem as to require claimant to give up her employment on the day shift. Moreover, the fact that she could not get along with her fellow employe would not in itself constitute good cause for claimant terminating her employment. See *Green Unemployment Compensation Case*, 174 Pa. Superior Ct. 286, 101 A. 2d 119. There is no evidence that the employer was arbitrary or unreasonable in refusing to grant claimant's request for transfer to the night shift. She was advised there was no vacancy and that the night shift would shortly

be discontinued. Considering all the circumstances, it is obvious the claimant did not establish any reasonable justification or necessitous circumstance for leaving her employment.

Decision affirmed.