Cairns Unemployment Compensation Case.

Argued March 22, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Morton Crain,* with him *Herman Toll,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY CARR, J., October 6, 1956:

Harry F. Cairns appeals from an order of the Unemployment Compensation Board reversing the referee and denying him unemployment compensation.

As stated in the record the findings of the board are as follows: "1. Claimant was last employed as a guard from August 24, 1952 by Penn Mutual Insurance Company, 6th and Walnut Streets, Philadelphia, Pennsylvania. His last day of work was April 30, 1955.

2. During the first eight months of his employment claimant worked a shift from midnight to 8:00 a.m. and was then transferred to the 4:00 p.m. to 12:00 a.m. shift. He requested a transfer to the day shift and in April 1955 when an opening on that shift occurred and another employee was given the assignment, the claimant on April 15, 1955 informed the superintendent that he was going to leave.

3. The claimant was not scheduled to report for work after April 15th until Tuesday, April 19th, and when he reported at 4:00 p.m. he found another employee had been assigned to cover his shift. This man

was a regular guard and was paid overtime by the employer in order to put in the extra shift.

4. On April 19th the claimant tendered his formal resignation to become effective April 30th, assigning as his reason that the work was too hard for him.

"The Referee concluded that there was no proof of the claimant's resignation prior to his being 'replaced' on April 19th and hence the claimant's separation was initiated by the employer and the claimant was entitled to benefits.

"We have carefully reviewed the record and it is apparent that the claimant had on several occasions threatened to leave although no definite date was fixed as to when he would resign. On January 15, 1955 he had informed a co-worker that he was going to quit. The claimant admitted that on April 15th he told his superintendent, Mr. String, he 'was going to leave because there was too much work.' (R. 7-26, p. 4) The company did not replace him but did arrange for another guard to cover the claimant's next scheduled shift which was at 4:00 p.m. on April 19th. The claimant, when he discovered this fact, decided to formally tender his resignation and gave two weeks' notice. We hold that the claimant voluntarily quit work and since he has not shown that he had any compelling or necessitous reason for his action but was merely dissatisfied with his assigned shift, he must be deemed disqualified for compensation benefits under Section 402 (b) of the law."

The legislative mandate of §510 of The Unemployment Compensation Law, 43 PS §830, confines our review to questions of law and we are bound by the findings of the board or referee if supported by competent evidence. When such evidence is in the record, we cannot substitute our findings for those of the board

even if our reading of the testimony might have brought us to a different conclusion. *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380.

The two questions to be determined on this appeal are whether or not the claimant voluntarily left his employment and whether or not he had a necessitous and compelling cause for leaving. After studying the testimony in the light most favorable to the party in whose favor the board has found, we have concluded that there was sufficient competent evidence to sustain the board's findings that he voluntarily left his employment without cause of a necessitous and compelling nature.

To support the first finding we have the claimant's own testimony at a hearing before the referee on July 7, 1955, at which he said that he submitted a written resignation about two weeks prior to April 30, and at a second hearing on July 26 he said that he resigned April 19, effective April 30, 1955.

The finding that his leaving was without cause of a necessitous and compelling nature, within the meaning of The Unemployment Compensation Law, 43 PS §802 (b) likewise is supported by his own testimony. He alleges that he quit because the work was too hard on the shift to which he was assigned and that he had requested a transfer to another shift which his employer refused. This allegation is refuted by his own testimony at a hearing on October 26, 1955, when he stated that he asked to be reinstated on April 22, just four days after he submitted his resignation. In the *Carpenter Unemployment Compensation Case,* 178 Pa. Superior Ct. 639, 115 A. 2d 901, this court held that the refusal of the employer to transfer the claimant to another shift did not constitute good cause for leaving

her employment. The burden of establishing good cause for leaving his employment was on the claimant and he failed to meet this burden.

Decision affirmed.