Argued March 30, affirmed April 13, 1972

HICKAM, *Petitioner, v.* MORGAN ET AL, *Respondents.*

495 P2d 1243

*Ralph W. G. Wyckoff,* Salem, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

This matter is before us on petition for review of the decision of the Oregon Employment Appeals Board, denying payment of unemployment benefits which claimant sought under the provisions of ORS 657.330 et seq, providing for unemployment benefits for vocational trainees under certain conditions.

The pivotal statute is ORS 657.345, which defines the circumstances under which benefits of the nature sought by claimant are available:[1]

> "In approving such course for an individual the administrator shall consider, among other factors, the following:
>
> "(1) Whether such course relates to an occupation or skill for which there are, or expected to be, reasonable employment opportunities in this state in which the individual intends to seek work.
>
> "(2) Whether the individual has the qualifications and aptitudes to successfully complete such course.
>
> "(3) Whether employment opportunities for which the individual is fitted by training and experience do not exist or have substantially diminished in the labor market of this state to the extent that in the judgment of the administrator

---

[1] ORS 657.345 was amended by Oregon Laws 1971, ch 82, section 4, p 104. The amendments are in no way relevant to the question here presented.

the individual will experience an extended period of unemployment and dependence upon the unemployment insurance program."

At the conclusion of claimant's hearing, the referee found:

"* * * (1) Claimant is age 19 and began as a full time student at Chemeketa Community College in September, 1970. (2) He has worked part-time as a salesman of children's shoes while attending college. (3) Employment opportunities as a salesman of children's shoes in Salem have declined, and may suffer further diminishment, but employment opportunities for sales personnel have not diminished in this area."

The findings of the Employment Appeals Board were substantially similar.

There is no dispute as to the accuracy of the findings so far as they go, nor is there any question about the appropriateness of claimant's community college training or his academic performance. The only issue arises under ORS 657.345 (3). To receive benefits the statute requires that the claimant's former work area be diminished and that he may become a burden on the unemployment fund. Its purpose is clearly to assist workmen and advance them to a more active field in the labor market.

The third finding of the referee, supra, recites that the economic opportunities of children's shoe salesmen have declined and may further diminish, but finds no diminution of employment opportunities for general salesmen. There is no specific finding that claimant's training and experience as a children's shoe salesman qualifies him for work in the general sales area. Nevertheless, we think the reasonable inference to be drawn from the findings taken as a whole is that

there was work available in the general sales area, and that claimant's experience qualified him for this work.

The question remaining is whether the record supports this conclusion. We do not review Employment Division appeals de novo. ORS 183.480 (7) provides:

"(7) The court [Court of Appeals]* * * shall reverse or remand the order only if it finds:

"* * * * * *

"(d) On review of a contested case, the order is not supported by reliable, probative and substantial evidence in the whole record * * *."

"Generally, any reasonable evidence will be regarded as substantial. Substantial evidence, however, is more than a scintilla. It is such proof as a reasonable mind would employ to support a conclusion * * *." *Henzel et al v. Cameron et al*, 228 Or 452, 464, 365 P2d 498 (1961).

Only three people, including the claimant, testified at the hearing. One, the manager of a children's shoe department in a Salem store, testified that there is little opportunity for employment as a children's shoe salesman, and that training as a children's shoe salesman is not an avenue to employment as a salesman of shoes for adults. The other witness, an Employment Division Supervisor of Placements and Special Programs, testified as follows:

"Q How about for shoe sales people specifically, do you have any knowledge regarding this labor market area?

"A Oh, from time to time we get orders for shoe salesmen. Probably not as great as another area. But not specifically childrens' shoe salesmen.

"Q In other words, you don't recall ever having

received an order for salesmen for childrens' shoes?

"A  I don't know.

"Q  Would you regard yourself as competent to testify to whether a salesman of children shoes would be qualified to sell adult shoes?

"A  Probably not. The orders we get for shoe salesmen usually specify some experience selling shoes.

"*  *  *  *  *

"Q  Then would you regard yourself as competent to testify whether a shoe salesman, or a children shoe salesman would be qualified to apply for a position as a salesman, do you follow me?

"A  Uh-hmmm.

"Q  Would you be able to make a statement on that point?

"A  Probably could apply for a position as a salesman. We get orders for salesmen that just stipulate that they have had some experience meeting the public in sales."

A reasonable inference to be drawn from the last question and answer is that there were general sales positions available for which claimant was qualified by experience.

While it follows that the order of the Employment Appeals Board must be affirmed, this being one of the first cases we have heard under the new statutory scheme for judicial review of cases such as this, we deem it appropriate to comment on the record before us. The questioning by the referee was neither thorough nor precise. The same can be said for the findings prepared both by the referee and the Appeals

Board. When their proceedings are judicially reviewed they will stand or fall on the records they make—not on the records they might have made.

Affirmed.