Argued March 30, affirmed April 21, 1972

HARVEY, *Petitioner, v.* MORGAN et al
(No. 71-AB-448), *Respondents.*
496 P2d 30

*Emily Lynn Knupp,* Beaverton, argued the cause for petitioner. With her on the brief were Myatt, Bolliger, Hampton & Freerksen, Beaverton.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

This is an appeal from the order of the Oregon

Employment Appeals Board denying to petitioner unemployment insurance benefits under ORS 657.345(3),[①] an exception to ORS 657.155(3). His claim was denied by the administrator, the referee, and finally, upon review by the Employment Appeals Board.

Pursuant to ORS 183.480, the claimant has sought judicial review in this court. This statute provides in ORS 183.480(7) the court shall reverse or remand the order only if it finds, *inter alia,* that:

"* * * * * *

"(d) On review of a contested case, the order is not supported by reliable, probative and substantial evidence in the whole record;

"* * * * * *"

Thus our review here is limited to consideration of whether the order is supported by the requisite evidence. *Hickam v. Morgan,* 9 Or App 25, 495 P2d 1243 (1972).

ORS 657.155(3) provides that an unemployed individual is eligible for unemployment benefits only if the administrator finds, *inter alia,* that he is able to work, is available for work and is actively seeking work and unable to obtain suitable work.

ORS 657.345(3) provides an exception to the above statute (ORS 657.155) by providing that un-

---

[①] ORS 657.345 provides:

"In approving such program of instruction for an individual the administrator shall consider, among other factors, the following:

"* * * * *

"(3) Whether employment opportunities for which the individual is fitted by training and experience do not exist or have substantially diminished in the labor market of this state to the extent that in the judgment of the administrator the individual will experience an extended period of unemployment and dependence upon the unemployment insurance program."

employment benefits are *not* made unavailable if the applicant is enrolled in a vocational training course approved by the administrator. *See,* ORS 657.335. The problem here is that to be so approved by the administrator, the employment opportunities for which the applicant is fitted by training and experience must not exist or have substantially diminished in the labor market of this state to the extent that the applicant will experience an extended period of unemployment. *See,* ORS 657.345(3).

We have reviewed the evidence and conclude that the findings are supported by reliable, probative and substantial evidence. Indeed, appellant in his brief states that he "does not contest the specific findings of fact made by referee A. A. Davis."

We think those findings are sufficient to support the conclusion the applicant does not meet the criteria set forth in ORS 657.345(3).

Affirmed.