Argued April 21, affirmed May 18, 1972

BALDUYCK, *Petitioner, v.* MORGAN ET AL,
*Respondents.*
497 P2d 377

*Steven B. Murdock,* Legal Aid Service, Portland,
argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for respondents. On the brief were

Lee Johnson, Attorney General, and John W. Burgess, Special Assistant Attorney General, Salem.

Before SCHWAB,* Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Petitioner appeals from a ruling of the Employment Appeals Board which affirmed action of the Administrator and a referee in denying his claim for unemployment compensation. He was discharged by his employer for misconduct, and, under provisions of ORS 657.176(1),① denied unemployment compensation.

He claims that he was discharged because of an alleged two extra days he took off in connection with his vacation. He asserts he actually had permission from the plant works manager to take such days off. The manager was not called to testify. If he had been called uncertainties in the record probably would have been substantially clarified. We reiterate what we said in *Hickam v. Morgan,* 9 Or App 25, 29-30, 495 P2d 1243 (1972):

> "* * * [W]e deem it appropriate to comment on the record before us. * * * When their [administrative] proceedings are judicially reviewed they will stand or fall on the records they make—not on the records they might have made."

The controversy centered on the alleged two-

---

* Schwab, C.J., did not participate in this decision.

① ORS 657.176(1) provides:

"An individual whose unemployment is due to:

"(1) having been discharged for misconduct connected with his work, or

"* * * * *

"shall, when so found by the administrator, be disqualified from the receipt of benefits * * *."

day absence; however, we find it unnecessary to our decision to resolve the fact question involving petitioner's permission to take the days off, because the record discloses ample reason for the misconduct discharge without resolving that uncertain issue. Under rules of administrative law, we will affirm if we find substantial record evidence supporting the administrative decision. ORS 183.480(7)(d). *Hickam v. Morgan,* supra, 9 Or App at 28.

■ Petitioner had been warned in writing on May 3, 1971, that continued tardiness on his part would result in discharge. The office manager for the employer testified that during August 1971 petitioner was tardy four days out of five in one week and given a further warning on August 20.

"* * * In the month of September the first ten days he worked—he worked five days; he was tardy three of those days. He called in and was excused for one—and then—he was absent [the two disputed days in connection with his vacation which he started on September 9]."

This evidence was uncontroverted. His notice of discharge and every finding during the appellate process was based upon the absence for the two disputed days *and tardiness*. Inasmuch as the tardiness continued into the last week of his employment, despite repeated warnings, there was substantial evidence in support of the findings. The continued tardiness by itself was "such proof as a reasonable mind would employ to support a conclusion" that a misconduct discharge was warranted. *Henzel et al v. Cameron et al,* 228 Or 452, 464, 365 P2d 498 (1961).

Affirmed.