Argued April 21, affirmed June 9, 1972

VON POPPENHEIM, *Petitioner, v.*
MORGAN ET AL, *Respondents.*

497 P2d 866

*Adelbert G. Clostermann,* Portland, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

This is an appeal by the claimant from a decision of the Oregon Employment Appeals Board which denied her claim for unemployment compensation. In so doing the Appeals Board affirmed the decision of the referee.

Claimant had worked as a retail clerk for Fred Meyer, Inc., for seven years. She had mild hypertension prior to taking that job. The condition continued throughout her employment and gradually grew more severe. In the summer of 1971 upon the advice of her physician she gave up her employment at the age of 56. The sole medical evidence was the following letter from W. K. Niece, M. D., dated August 9, 1971:

"Gentlemen:

"Mrs. Von Poppenheim has been under treatment in this office for the past two years for Hypertension and it was recommended she terminate her job as part of her therapy, for a while to aid in control of her Hypertension."

She remained off work for a few weeks and then sought a job as a retail clerk limiting her availability for work solely to the hours of 8 a.m. to 5 p.m., and only on weekdays, excluding both Saturday and Sunday. She was unable to find such work and applied for unemployment compensation. It is conceded that work in the retail clerk field customarily involves hours of 8 a.m. to 9 p.m. and includes work on Saturday and frequently on Sunday. As a result, split shifts and work on Saturday or Sunday are commonplace.

High seniority or managerial level responsibility is normally a prerequisite to the days and hours for which claimant limited her availability. The claimant had neither. Indeed she made no effort to get the conditions of work she desired at Fred Meyer, Inc., itself, being convinced that even though she had seven years' seniority the conditions she desired were unavailable.

The Board and the referee both concluded that she had left her work for good cause on the ground that work becomes unsuitable within the meaning of ORS 657.190 when some condition of the employment has a substantial adverse effect upon the worker's health.

Both, however, concluded that the claimant had failed to comply with ORS 657.155 (3), which provides, so far as here relevant:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that:
"* * * * *

"(3) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work. * * *"

The Board concluded:

"The restrictions on claimant's ability to work and the hours or days she is willing to work whether self imposed or resulting from the condition of her health and recommendation of her doctor precludes her satisfying the eligibility requirements of ORS 657.155 (3) for all weeks claimed and in issue. * * *"

Additionally, the Board held that the claimant was not "available for work" within the meaning of the statute because

"* * * the law makes no provision for an in-

dividual being partially 'available' for work or for waiver of this requirement in any situation. The 'able to work' and 'available for work' are conditions which must be established and unequivocally maintained during each week for which benefits are claimed to avoid denial under this section of the law. The restrictions as to hours claimant is willing to work has a nullifying effect on her search for work and perpetuates the unemployed status. Eligibility for benefits cannot be established so long as these restrictions on her ability and availability for work continue to exist."

The Board also concluded that "[c]laimant's unwillingness to work the hours and days normal to the sales clerk employment is justified by the state of her health."

Respondent Administrator in his brief contends "[t]here is no evidence in the record to support a finding of fact that claimant's health would be impaired by employment at periods other than 8:00 a.m. to 5:00 p.m."

He may well be right. The record, however, in certain important particulars is virtually unreadable. Copies, rather than the originals of documents, have been received without objection into evidence as exhibits by the referee. Some of the copies are in the form of machine reproductions which are in certain areas so poorly reproduced as to be virtually undecipherable. We do not assume that such documents support the position of either party.

We do not find it necessary to decide whether that holding of the Board correctly construes the "availability for work" provision of ORS 657.155(3).[①]

---

[①] *See* Unemployment Comm. v. Dan River, 197 Va 816, 91 SE2d 642 (1956); Moore v. Com'r of Employment Sec., 197 Tenn 444, 273 SW2d 703 (1954).

Claimant herself testified concerning her physical condition:

"MR. CLOSTERMANN. Now, if you had a job offered you, with the approval of the doctor, less arduous tasks, you would be able to take it, would you not?

"MS. vonPOPPENHEIM. And I'm sure he would tell me to go part-time."

Thus not only is there no medical evidence to support the conclusion that claimant was available for regular employment even within the limited hours and days to which she chose to limit herself (*see,* Annotation, 35 ALR3d 1129 (1971)), but the above testimony shows that she believed her own physician would not approve her working other than part-time. She offered no evidence to show what periods of time she was in fact, in the opinion of her physician, available for work, even on a part-time basis.

The Supreme Court in *Cameron v. DeBoard; Mac-Innes,* 230 Or 411, 370 P2d 709 (1962), said:

"* * * To requalify for compensation, a claimant whose claim is challenged under ORS 657.200(3) has at least the burden of going forward with the evidence until he makes a *prima facie* case. * * *" 230 Or at 424.

This petitioner failed to do so.

Affirmed.