Argued April 17, affirmed May 20, 1974

McCAIN, *Petitioner, v.* EMPLOYMENT DIVISION
ET AL, *Respondents.*

522 P2d 1208

*Jane Edwards,* Portland, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Claimant appeals from an adverse determination of the Employment Appeals Board. The Board affirmed the decision of both the referee and the Employment Division that claimant was disqualified from receiving unemployment benefits on the ground that

she voluntarily left work without "good cause." ORS 657.176 (2).

Claimant was employed as a bookkeeper at the Beaver Heat Treating Corporation from September 5, 1972 through September 13, 1973. The corporation is an industrial plant employing approximately 20 men and 2 women (both office workers). Claimant voluntarily quit, after giving two weeks' notice of her resignation, for the expressed reason that she felt her employer's attitude toward women was demeaning to her, and that she could no longer work for such a "sexist" employer.

> "I felt that at that company there was a very, very demeaning attitude toward women in general; that women, in general, were held in contempt."

Claimant argues that this "sexist" attitude of her employer, holding women in contempt by treating them only as sex objects, constituted "good cause" for her to quit her job.

As evidence of such "sexist" attitudes at Beaver Heat Treating Corporation, claimant offered evidence that the plant manager displayed on his desk a postcard showing a woman with bare breasts. He dismissed claimant's objections stating that he liked to display this picture because the woman had big "jugs." There was also a large machinery advertisement poster on the office wall showing a woman in a bikini, which certain male employes liked because the model in the poster "was beautiful" and "had gorgeous tits [sic]."

Claimant objected that these displays were offensive to her. She especially objected to a cartoon posted on the wall in the lunchroom which was captioned "THE PERFECT WOMAN" and depicted a naked

woman's legs, hips, buttocks and pubic area. No arms, head or upper torso appear in the cartoon. Large breasts were attached to the legs at hip level. While this cartoon would be deemed vulgar and offensive by many, we agree with the referee and the Board that the same would not constitute "good cause" for claimant to quit her job.

■■ Since claimant voluntarily terminated suitable employment, she has the burden to show that she had "good cause" for doing so. *Stevenson v. Morgan*, 17 Or App 428, 522 P2d 1204 (1974); *Toland v. Schneider*, 94 Idaho 556, 494 P2d 154 (1972). In *Stevenson* we said that "good cause" to quit work must be such cause as would compel a reasonably prudent person to quit under similar circumstances, and that this determination is a factual evaluation based on the particular circumstances of each case. The Board's determination will be affirmed if there is reliable, probative and substantial evidence in the record to support that decision. ORS 183.480 (7). *Balduyck v. Morgan*, 9 Or App 363, 497 P2d 377 (1972).

■ In *Fajardo v. Morgan*, 15 Or App 454, 516 P2d 495 (1973), we held that wage discrimination based on sex may constitute "good cause" to quit a job. Discrimination on the basis of sex is an unlawful employment practice. ORS 659.030; 42 USCA § 2000e-2 (1974); *Fajardo v. Morgan*, supra, 15 Or App at 459. This does not mean, however, that an employer's "sexist" attitude, by itself, is an unlawful employment practice or such other cause as would constitute "good cause" for a female employe to quit. "Good cause" would exist only if this "sexist" attitude produced some actual discrimination, undue harassment, or other grievous cause of reasonable foundation, evidence of

which must appear in the record. *James v. Unempl. Comp. Bd. of Review,* 6 Pa Cmwlth 489, 296 A2d 288 (1972) ; *accord, Fajardo v. Morgan,* supra.

■ Generally, offensive character habits of fellow workers, however distasteful they may be to claimant, will not constitute "good cause" for claimant to leave. *Green Unempl. Compensation Case,* 174 Pa Super 286, 101 A2d 119 (1953). Claimant had the burden of producing evidence to establish at least a prima facie case. *von Poppenheim v. Morgan,* 9 Or App 495, 497 P2d 866 (1972). Thus, claimant must at least establish that the prevailing sexual attitudes of her employer, or of her fellow employes, were such as amounted to sexual discrimination, harassment or some other cause of reasonable foundation sufficiently grievous to compel a reasonably prudent person to quit under similar circumstances. *Cf., Stevenson v. Morgan,* supra.

Claimant has not met that burden.

Affirmed.

LANGTRY, J., specially concurring.

I concur in the court's opinion, but think something additional needs to be said in this case.

The testimony as a whole leads to the inevitable inference that claimant began going out of her way to object to the cartoon and pictures soon after she became employed. She had no compelling need to go into the *men's* lunchroom where the cartoon was posted. The only things she went there for were use of a pencil sharpener and to get soft drinks and candy from a vending machine. Employer testified that there was another pencil sharpener available, and that he would have bought claimant one if she had asked for it. The

evidence indicates claimant could have had someone bring her soft drinks and candy if she was offended when she went for them. Instead, she continued to go there, and finally took the cartoon down and placed it in the waste basket—causing herself more trouble.

I would hold that if the cartoon—a copy of it is in evidence, and it is hardly as horrendous as words have pictured it—were posted in such a way as to be forced on claimant, she may have had cause to quit because of undue harassment. But I think the facts here indicate she sought harassment and found it. This is not "good cause" for quitting employment in the sense in which we consider the term here.