Submitted on records and briefs December 20, 1974,
affirmed January 14, 1975

## CASE, *Petitioner, v.* EMPLOYMENT DIVISION, *Respondent.*

530 P2d 531

Lee Johnson, Attorney General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Petitioner filed a claim for unemployment benefits.

The Employment Division by administrator's decision denied the claim. Petitioner requested a hearing and after the hearing the referee affirmed the administrator's decision denying benefits. Petitioner then requested review by the Employment Appeals Board. ORS 657.275. The Board affirmed the referee's decision. Petitioner seeks judicial review of the Employment Appeals Board's decision. We affirm.

Petitioner contends that she was the subject of sex discrimination and did not receive a promotion to a supervisory position because she is a woman. The Appeals Board found as facts that:

"Claimant was employed as leadperson in the above employer's insulated glass department from 1969 to June 7, 1974. Prior to this time she had been employed by this employer's predecessor at the same plant site since September of 1958. Claimant's closing rate of pay was $4.81 per hour. On June 1, 1974, she received a raise from $4.40 an hour to her closing rate of $4.81. During the entire course of her employment in this type work, claimant had worked on every job except one. She was an excellent worker at all of her assigned duties.

"A few months prior to her separation from work a new plant foreman was chosen. The person chosen for this position had been with this employer slightly over two years. His rate of pay as plant foreman was $5.22 per hour. At the time this plant foreman was chosen there were six other employees including the claimant, who had more seniority. Five of these were men. *The person so chosen as plant foreman was promoted because the employer felt it was more important to have a person who could motivate other employees and keep dissension at a minimum than it was to have a person with a high degree of experience.* \* \* \*

"\* \* \* \* \*." (Emphasis supplied.)

We have examined the record. It indicates nothing more than a decision by an employer to promote one employe instead of another rather than a case involving discrimination on account of sex. *See Fajardo v. Morgan,* 15 Or App 454, 516 P2d 495 (1973). The above findings are supported by "reliable, probative and substantial evidence in the whole record." ORS 183.480(7); *McCain v. Employment Division,* 17 Or App 442, 522 P2d 1208 (1974). Based upon those factual findings, the Board's decision that petitioner voluntarily left work without good cause, ORS 657.176 (2)(c), was correct.

Claimant's other assignment of error is without merit.

Affirmed.