Submitted on record and briefs July 13, affirmed August 23, 1976

## WILTON, *Petitioner,*
### *v.*
## EMPLOYMENT DIVISION et al, *Respondents.*
### (No. 75-AB-891, CA 5443)
553 P2d 1071

Betty Rae Wilton, Salem, filed the brief pro se for petitioner.

Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem, filed the brief for respondent Employment Division.

No appearance for respondent William B. Wyllie.

Before Schwab, Chief Judge, and Fort and Thornton, Judges

SCHWAB, C. J.

## SCHWAB, C. J.

The issue in this unemployment compensation case is whether claimant left her employment as a legal secretary for good cause. The referee held that she did; the Employment Appeals Board held that she did not.

The Employment Appeals Board exercises do novo review of the decision of the referee. *Stevenson v. Morgan,* 17 Or App 428, 431, 522 P2d 1204 (1974). When a claimant voluntarily terminates suitable employment, that claimant has the burden of showing good cause for leaving. Good cause to quit work "must be such cause as would compel a reasonably prudent person to quit under similar circumstances." This "determination is a factual evaluation based on the particular circumstances of each case." *McCain v. Employment Division,* 17 Or App 442, 445, 522 P2d 1208 (1974). On a petition for review we must affirm the final administrative order if it is based upon "substantial evidence in the whole record." ORS 183.482(8)(d); *McCain v. Employment Division, supra; Stevenson v. Morgan, supra.* Substantial evidence can be any "reasonable evidence." *Hickam v. Morgan,* 9 Or App 25, 28, 495 P2d 1243 (1972), or "such proof as a reasonable mind would employ to support a conclusion." *Henzel et al v. Cameron et al,* 228 Or 452, 464, 365 P2d 498 (1961). This court cannot disturb a "reasonable conclusion" drawn from the facts even if this court, were it sitting as a trier of fact, would reach a different finding. *Grigsby v. Employment Div.,* 24 Or App 499, 546 P2d 788 (1976).

The relevant findings of the Employment Appeals Board are supported by substantial evidence and we cannot disturb them. They are in pertinent part:

"FINDINGS OF FACT: (1) Claimant was employed as a legal secretary by this employer from July 20, 1974 to June 16, 1975 at a beginning wage of $550. a month. (2) At the time she became employed, claimant was told that she would receive an increase in salary at the end of 60 days if her work proved satisfactory. (3) Her past employment in the Portland area had paid her $625. a month. (4) After

being employed 60 days, claimant spoke to her employer regarding an increase in pay and understood that she was to be increased to the $625. a month she had previously received plus an additional $50. a month for a total of $675. (5) She prepared her payroll check twice a month for the employer's signature. (6) Claimant received $675. a month gross for a period of 8 or 9 months. (7) Two or three days prior to her separation from work the employer refused to sign her pay check stating that he had just been informed she had been overpaid over the last 8 or 9 months at the rate of $75. a month.

"(8) During the course of her employment claimant considered that her employer's partner was rude to her and felt that her employer and his partner were demeaning her when she was not present.

"(9) On May 30, 1975, claimant gave notice of resignation to be effective in two weeks. (10) The employer inquired as to why and she mentioned what she considered to be rudeness and profanity in the office. (11) He told her he was pleased with her work and requested that she not leave. (12) Claimant agreed to remain but on June 2 or 3 told her employer that conditions have not improved and that she had decided she must leave. (13) Claimant had been recently married and prior to her notice of resignation had requested to have the summer off to spend more time with her husband as his employment allowed him to be off one out of every three days. (14) She was not permitted to have the summer off. (15) Claimant had communicated to the employer and to others in the office that she wished to leave work to spend more time with her husband.

"(16) Claimant made out the payroll checks for June 15, 1975, which fell on a Sunday, on June 13. (17) When the check was presented to the employer to sign on June 16, 1975, he refused to sign it due to the alleged overpayments for the last 8 or 9 months. (18) At that time claimant walked out of the office and left her work.

"CONCLUSION AND REASONS: We do not agree with the decision of the referee in this matter. Claimant voluntarily left work without good cause.

"We are not persuaded that claimant left her work over the alleged overpayment incident. The sequence of events leading up to her leaving work does not support her

contention nor does the contradiction in her testimony.

"Claimant gave notice of resignation two weeks prior to the alleged overpayment incident. She had complained of rudeness and profanity as one of the reasons for leaving and had told her employer and other individuals in the office that she wished to leave due to her recent marriage. It is our finding that the alleged rudeness and profanity in the office did not constitute good cause by reason of the fact that she had remained in this atmosphere for nearly one year and had registered little, if any, complaint. Although the employer had neglected to keep himself advised regarding the salary being received by the claimant and his refusal to sign her check may have been unsettling, she did not make a showing of any overt attempt to rectify the situation prior to walking out of the office. This course of conduct is not indicative of a person who sincerely desires to remain employed as opposed to leaving work and entering the ranks of the compensated unemployed. The reasons set forth by the claimant for her leaving this work are found not to constitute good cause for leaving work and subject her to the disqualification imposed under ORS 657.176(2)(c).

"* * * * *."

Affirmed.