Submitted on record and briefs February 1, affirmed March 21, 1977

BOARD OF DIRECTORS, MONUMENT SCHOOL,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(CA 6957)
561 P2d 649

B. F. O'Rourke, Monument, filed the brief for petitioner.

James A. Redden, Attorney General, and W.

Michael Gillette, Solicitor General, Salem, filed the brief for respondent Employment Division.

No appearance for respondent Bernard B. Fitze.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

THORNTON, J.

## THORNTON, J.

This is a petition for review of a decision of the Employment Appeals Board (EAB) which granted claimant unemployment benefits.

Claimant voluntarily left his employment as a custodian for petitioner school district on May 16, 1975, and, in October of 1975, applied for unemployment benefits. Benefits were initially denied by the administrator but subsequently approved based on a reassessment of the evidence. After the approval petitioner requested a hearing. A hearing was granted and held on January 7, 1976, but petitioner, for a variety of internal reasons, could not appear and the decision granting benefits was affirmed. Petitioner then requested a rehearing, which was granted and held on June 16, 1976.

The EAB found:

"FINDINGS OF FACT: In Referee Decision 76-P-99 the referee entered the following facts which we find to be proper and accept as our own in this matter '(1) Claimant was recovering from a disabling illness during the beginning of the period in issue (above) and had been released by his doctors for light work with "one hour or so of manual labor" until he was given a full release effective November 16, 1975. (2) Claimant was seeking work as a truck driver or heavy equipment operator during the period in issue.'

"CONCLUSION AND REASONS: We agree with the decision of the referee in this matter. The claimant was sufficiently able to work during the period of time in question.

"The evidence produced by the claimant establishes that he is able to work with only certain minimal restrictions. He has sought work within those restrictions in a responsible manner in an attempt to return himself to the labor market. The employer's representative at the hearing put forth an argument whose main thrust had to do with the manner in which the Employment Division handled responses to the employer's inquiries and the manner in which hearings were scheduled. The employer has not put forth any evidence which would controvert

the fact that the claimant is able to work as supported by his medical evidence. We find, therefore, that the claimant should not be denied benefits."

■ The decision of the EAB must be upheld if it is based on substantial evidence in the record. ORS 183.482(8) (d); *Wilton v. Employment Div.,* 26 Or App 549, 553 P2d 1071 (1976). We cannot disturb a reasonable conclusion drawn from the facts even though we might reach a different conclusion were we sitting as triers of fact. *Grigsby v. Employment Div.,* 24 Or App 499, 546 P2d 788 (1976).

■ Petitioner contends that the evidence was insufficient to support the finding that claimant was able to work and available for work. Medical evidence in the record establishes that claimant was medically released from restrictions imposed by his physician due to a lumbar spine disability for light work on October 20, 1975, and unconditionally released on November 16, 1975. The evidence amply supports the conclusion that the claimant was able to work and available for work within the meaning of ORS 657.155(1) (c) from October 26, 1975.

3. Petitioner asserts that claimant is an "unemployed farmer," i.e., that he owns and operates a farm and is otherwise unemployed, and that a heavy burden to establish availability for employment similar to that imposed on student-claimants should be imposed here, citing *Callaghan v. Morgan,* 9 Or App 116, 496 P2d 55 (1972). The basis for the student-claimant rule is that regular attendance in school is evidence that claimant is unavailable for employment during school hours. *Callaghan v. Morgan, supra.* A farmer-claimant is not locked to a timetable which conflicts with potential employment to the same extent. We therefore decline to impose a "heavy burden" on farmer-claimants seeking unemployment benefits.

■ Petitioner also asserts a denial of due process based on the failure of the Employment Division to accommodate petitioner's special circumstances. We note

that the statutory and administrative requirements for notice and hearing were met and that petitioner was granted more process than was due when the Appeals Section of the Employment Division granted the request to reopen the hearing.

Petitioner's other contentions do not require discussion.

Affirmed.