Argued March 22, affirmed April 20, 1977

HESS, *Petitioner,*
*v.*
OREGON EMPLOYMENT DIVISION et al,
*Respondents.*
(No. 76-AB-655, CA 6725)

HESS, *Petitioner,*
*v.*
OREGON EMPLOYMENT DIVISION et al,
*Respondents.*
(No. 76-AB-757, CA 6874)
(Cases consolidated)

562 P2d 1232

Kent B. Thurber, Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the brief for petitioners.

No appearance for respondent Oregon Employment Division.

Gino G. Pieretti, Jr., Portland, argued the cause for respondent Montgomery Ward & Co. With him on the brief was Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

## THORNTON, J.

The issue presented in both of these unemployment compensation appeals is the same: Did the Employment Appeals Board (EAB) err in ruling that petitioners were disqualified under ORS 657.176(2)(c) from receiving benefits because of having "voluntarily left work without good cause"?

The essential facts are as follows: Petitioners had been employed for sometime as salespersons in the major appliance department of respondent's Salem store. Petitioners were married on February 15, 1976, and, as store policy prohibits a married couple from working in the same department, petitioners were asked to decide between themselves which of them would transfer out of the appliance department. Petitioners agreed, prior to leaving on vacation, that Mrs. Hess would transfer. During their vacation petitioners apparently changed their minds and, when they returned on March 3, 1976, objected to the policy as unfair and discriminatory. Respondent nevertheless transferred Mrs. Hess to the furniture department but she refused to return to work following the transfer. Subsequently Mrs. Hess filed a complaint with the Oregon Bureau of Labor alleging sex discrimination. On March 19, 1976, respondent offered to reinstate Mrs. Hess in the appliance department and to transfer Mr. Hess. Mrs. Hess refused and the following day Mr. Hess quit his job in the appliance department.

The EAB determined that Mrs. Hess had left work without good cause and, based on her refusal of reemployment, was not sufficiently available for work to be eligible for benefits, and that Mr. Hess had left work without good cause.

Petitioners argue that the store policy prohibiting married couples in the same department "is both illegal and excessively arbitrary" and that the attempted transfer of either one of them to comply with the policy would constitute discrimination based

on sex in violation of ORS 659.030. They maintain that this sex discrimination provides good cause for their respective resignations.

■■ An individual who has voluntarily left work and who seeks unemployment benefits has the burden of showing that there was "good cause" for leaving. *McCain v. Employment Division,* 17 Or App 442, 522 P2d 1208 (1974). An EAB determination may not be reversed unless unlawful in substance or not supported by substantial evidence. ORS 183.482(8)(a), (d); *McKinney v. Employment Division,* 21 Or App 730, 537 P2d 126 (1975).

■ While proven sex discrimination constitutes good cause for voluntarily leaving work, *Fajardo v. Morgan,* 15 Or App 454, 516 P2d 495 (1973), a policy prohibiting married couples from working in the same department is not sexually discriminatory by its terms. As petitioners did not introduce evidence which would indicate either that the policy was intended to or did have a sex-based discriminatory effect, they failed to show that they resigned for good cause for sex discrimination. *Cf., Fajardo v. Morgan, supra.*

The policy against married couples in the same department does discriminate on the basis of marital status, but ORS 659.030, on which petitioners rely, does not purport to prohibit all discriminations. Only the forms of discrimination enumerated in the statute are forbidden. Marital status is not one of the forms of discrimination prohibited by ORS 659.030. Respondent introduced testimony supporting one of the business reasons for the policy, viz., that the department would be shorthanded if a married couple wished to simultaneously transfer, go on vacation or take days off.

■ When a married couple is afforded the opportunity to decide which one of them will transfer to comply with a company policy prohibiting married couples from working in the same department, and the company has valid business reasons for the policy, that

policy does not form the basis for leaving work with good cause within ORS 657.176(2)(c). *See, Harper v. Trans World Airlines, Inc.,* 525 F2d 409 (8th Cir 1975). *See also,* [1973] EEOC Decisions (CCH) ¶ 6103.

Affirmed.