Argued May 19, affirmed August 8, 1977

# VAIL, *Petitioner,*
*v.*
# EMPLOYMENT DIVISION et al, *Respondents.*
## (No. 76-AB-1142, CA 7400)

567 P2d 129

Leon Simson, Portland, argued the cause for petitioner. With him on the brief were Rives, Bonyhadi, Drummond & Smith and Hardy Myers, Portland.

No appearance for respondent Employment Division of the Department of Human Resources.

Richard A. Braman, Sr. Deputy City Attorney, Portland, argued the cause for respondent Bureau of Personnel, City of Portland. With him on the brief was Robert L. Hurtig, Acting City Attorney, Portland.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

The issue presented in this unemployment compensation appeal is whether the Employment Appeals Board (EAB) erred in determining that claimant had refused to accept suitable work and was therefore disqualified from receiving benefits.

Claimant appeals from a decision of EAB reversing by a divided vote the administrator and the referee and determining that claimant was disqualified.

The essential facts are set out in EAB's findings:

"(1) Claimant was employed by this employer as an assistant planner from April 1964 to October 1967. (2) In January 1968 he became re-employed by this employer as a city planner and was promoted to the position of senior planner in 1971 and continued in this position until separated from work June 30, 1976. (3) His closing rate of pay as a senior planner was $23,400 annually. (4) On July 1, 1976 his position was eliminated and he was offered the position of city planner at the salary of $20,176 annually. (5) The claimant refused this position and became separated from his work effective June 30, 1976."

There is no dispute as to the facts. The crux of claimant's contentions on this appeal is that the EAB (1) misconstrued the provisions pertaining to refusal of suitable work set out below and (2) disregarded substantial evidence in the record which established that the work offered claimant was unsuitable under those provisions.

ORS 657.176(2)(e) provides that a claimant may be disqualified on the ground, *inter alia,* that

"* * * [t]he individual failed to accept suitable work when offered to him * * *."

ORS 657.190 provides:

"In determining whether or not any work is suitable for an individual, the administrator shall consider, among other factors, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of

unemployment and prospects for securing local work in his customary occupation and the distance of the available work from his residence."

ORS 657.195(1)(b) provides:

"(1) Notwithstanding any other provisions of this chapter, no work is deemed suitable and benefits shall not be denied under this chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions:

"* * * * *

"(b) If the remuneration, hours or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality."

A claimant who is unemployed and who refuses an offer of employment has the burden of showing that the work offered is not suitable. This determination is a mixed question based on the particular circumstances of the case. *See, McCain v. Employment Division,* 17 Or App 442, 522 P2d 1208 (1974). Where ultimate conclusions can be arrived at only by applying rules of law, the result is a conclusion of law. *Henzel et al. v. Cameron et al.,* 228 Or 452, 365 P2d 498 (1961).

In a determination such as good cause for voluntarily leaving work, or suitability of proffered employment, the order of EAB is to be affirmed if based on reliable, probative and substantial evidence in the whole record, and not unlawful in substance or procedure. ORS 183.482(8)(a) and (d); *Balduyck v. Morgan,* 9 Or App 363, 497 P2d 377 (1972). This court cannot disturb a reasonable conclusion drawn from the facts by the EAB, even if the court, were it sitting as a trier of fact, might reach a different conclusion. *Wilton v. Employment Div.,* 26 Or App 549, 553 P2d 1071 (1976); *Grigsby v. Employment Div.,* 24 Or App 499, 546 P2d 788 (1976).

In the case at bar the administrator and the referee both found that the job offered claimant was not

suitable; a majority of EAB, however, disagreed and found that the proffered employment was suitable.

■ Claimant contends that EAB has misconstrued ORS 657.195(1)(b), which is quoted earlier in our opinion. In support of this contention claimant points to that portion of EAB's decision quoted below which he argues represents a misapplication of that provision.

> "* * * When claimant was offered the position of city planner, this was an offer of new work and *it has not been shown that the salary offered was substantially below the prevailing rate for this type of work in the Portland labor market area. We therefore find that he did not have sufficient cause to refuse the work offered.*" (Emphasis supplied.)

Although in the context of this case the italicized language is misleading and renders EAB's order susceptible to the interpretation urged by claimant, we do not believe this represents a correct interpretation of the order taken in its entirety. We read EAB's order as saying first that EAB has concluded that claimant is disqualified because he refused suitable employment, and second, that claimant makes no contention that the salary for the new position was below the prevailing rate for this type of work in the Portland area. We regard the italicized language as simply a disclaimer, i.e., EAB's way of indicating that claimant was not making this contention. This disclaimer may perhaps be likened to the old practice in criminal pleading that the state in drawing the indictment was required to negate or deny certain matters of defense.

■ In the case at bar claimant was contending simply that the new position offered him by the city was not "suitable work" as defined in ORS 657.190. Claimant at no time was contending that the remuneration, hours or other conditions of the work offered were substantially less favorable than those prevailing for similar work in the locality. ORS 657.195(1)(b) is therefore not applicable. This provision applies only to

a different fact situation, namely, where an unemployed person refuses a job offer on the ground that the pay, hours or other conditions are substantially below those prevailing in the area for similar work. This section requires that claimant establish these facts in order to avoid disqualification under ORS 657.176(2)(e) for refusing to accept suitable employment.

We conclude that EAB's order denying benefits was not based on the italicized language as claimant so vigorously argues.

■ With reference to claimant's second assignment, there is substantial evidence in the record to support EAB's conclusion that the employment offered claimant was suitable, that claimant refused it, and that claimant was not justified under the statute in doing so. ORS 657.190.

■ As we pointed out in *Jones v. Employment Div.,* 30 Or App 103, 566 P2d 542 (1977), ORS 657.190 vests a reasonable discretion in the administrator in determining whether a particular job constitutes suitable work. In the absence of a showing that the administrator failed to apply the statutory criteria, or abused his discretion, or that the order is otherwise contrary to law, ORS 183.482(8), the order will be affirmed.

Affirmed.