PER CURIAM.
The sole issue in this unemployment compensation case is whether petitioner had good cause for terminating her employment. The referee found that she did not. The Employment Appeals Board agreed with the referee and adopted his opinion, as do we. It follows:
"ISSUE AND LAW: The issue is whether Claimant is disqualified from benefits under ORS 657.176.
"FINDINGS OF FACT: (1) Claimant worked for the employer from February 3, 1975, until March 15, 1977. She was hired initially as a CETA employee and in August 1975 was hired as a regular employee in the position of Maintenance I. (2) Claimant’s normal horns were from 8:00 a.m. until 4:30 p.m., Monday through Friday, and she was paid at a final rate of $4.65 per hour. (3) During her entire period of employment as a Maintenance Person I, the claimant experienced problems with two of her co-workers with whom she was often required to work. (4) Both co-workers were male and both made it clear to the Claimant and others that they did not approve of a female working in a maintenance position. (5) They often complained to the Claimant and her supervisor that she did not possess the necessary physical strength to perform her job. (6) The Claimant felt that both individuals intentionally ignored her and withheld information from her to impede her on-the-job training. (7) The Claimant contacted the employer’s affirmative action officer on more than one occasion and she spoke to her supervisor frequently about the problem. She was told by her supervisor to let the remarks of these fellow workers go in one ear and out the other. (8) The supervisor made it clear to the Claimant that he was satisfied with her work performance and progress. (9) One of the two co-workers with whom the Claimant experienced difficulties had become particularly difficult after she had refused to meet with him socially. (10) The Claimant filed a grievance through her Union over the matter in June or July of 1976. (11) An informal meeting was held, the co-worker apologized, and no further action was taken on the grievance. (12) The Claimant’s supervisor was pleased with the Claimant’s work and had recommended her for periodic pay raises. (13) At the time the Claimant left work, a reorganization *[1280] of the commimication/signal department was under way. The Claimant’s supervisor felt the reorganization would facilitate the Claimant’s promotion and he hoped to promote the Claimant at the first opportunity. (14) The Claimant, during her employment, attended work-related seminars and an electronics course as well as being given on-the-job training including time to read technical manuals. (15) Despite the training that she received, the Claimant felt she was not receiving enough technical work experience. (16) The Claimant did not file a grievance over any of the problems she encountered except with respect to the one fellow worker who had attempted to date her. (17) The Claimant did not investigate the possibility of a transfer because she felt she would encounter the same sexist attitude elsewhere in the employer’s organization. (18) The Claimant gave notice in February 1977 and quit work on March 15, 1977.
"CONCLUSIONS AND REASONS: The Claimant voluntarily left work without good cause. Good cause to quit work must be such cause as would compel a reasonably prudent person to quit under similar circumstances. Stevenson v. Morgan, 17 Or App 428, 522 P2d 1204 (1974). In Stevenson, the Court held that an individual who voluntarily terminates suitable employment has the burden of showing good cause for having done so. The Claimant’s primary reasons for leaving work were the sexist attitudes of two co-workers and her belief that her training was not progressing as rapidly as possible. The record contains no evidence that the Claimant was being denied training opportunities; in fact, it appears that she was being given a great deal of consideration of training necessary to enhance her qualifications for promotion. In Fajardo v. Morgan, 15 Or App 454, 516 P2d 495 (1973), the Court held that discrimination based on sex may constitute good cause to quit work. The record, however, lacks any evidence that the Claimant was discrimináted against by the employer. The Claimant received favorable performance appraisals and periodic merit pay raises. Although it was possible that the sexist attitudes of the Claimant’s two co-workers could have affected her training and career development, it does not appear that the Claimant’s career was adversely affected. The present case is *[1281] similar to that of McCain v. Employment Division, 17 Or App 442, 522 P2d 1208 (1974), in which the Court said:
" 'Discrimination on the basis of sex is an unlawful employment practice. ORS 659.030; 42 USCA § 2000e-2 (1974); Fajardo v. Morgan, supra, 15 Or App 459. This does not mean, however, that an employer’s "sexist” attitude, by itself, is an unlawful employment practice or such other cause as would constitute 'good cause’ for a female employe to quit. 'Good cause’ would exist only if this "sexist” attitude produced some actual discrimination, undue harassment, or other grievous cause of reasonable foundation, evidence of which must appear in the record. James v. Unempl. Comp. Bd. of Review, 6 Pa Cmwlth 489, 296 A2d 288 (1972), accord, Fajardo v. Morgan, supra. Generally, offensive character habits of fellow workers, however distasteful they may be to Claimant, will not constitute "good cause” for claimant to leave. Green Unempl. Compensation Case, 174 Pa Super 286, 101 A2d 119 (1953). Claimant had the burden of producing evidence to establish at least a prima facie case. Von Poppenheim v. Morgan, 9 Or App 495, 497 P2d 866 (1972). Thus, Claimant must at least establish that the prevailing sexual attitudes of her employer, or of her fellow employes were such as amounted to sexual discrimination, harassment or some other cause of reasonable foundation sufficiently grievous to compel a reasonably prudent person to quit under similar circumstances. Cf., Stevenson v. Morgan, supra.’
"The Claimant in the present case has failed to show discrimination, harassment, or other cause sufficient to constitute good cause for having left work.
Hi * * * ”
Affirmed.