Argued January 21, reversed February 23, 1976

GRIGSBY, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 75-AB-652, CA 5082)

546 P2d 788

*Mark Hardin,* Legal Aid Service, Multnomah Bar Association, Inc., Portland, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Rhidian M. M. Morgan, Assistant Attorney General, Salem.

No appearance for respondent Ryan Lawrency, Registered Agent Portland Security Incorporated, a corporation.

[ 499 ]

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The sole issue in this appeal from an order of the Employment Appeals Board is whether the claimant "voluntarily left work without good cause," ORS 657.176(2)(c), thus disqualifying himself from certain benefits. For the reasons which follow we hold that as a matter of law claimant did have good cause for leaving his employment.

The facts are not disputed. Claimant worked for Portland Security, Inc., starting in March of 1973 as a night security guard. Prior to April of 1975, he worked full-time at a shopping center close to his home in Troutdale. Immediately prior to his leaving his employment at Portland Security he was paid at an hourly rate of $2.20.

In early April 1975 the employer lost its contract with the shopping center and was unable to provide claimant with work that was either full-time or close to his home. Claimant was asked to work half-time or less at distances in excess of 20 miles from his residence. Claimant stayed on the job, relying on the employer's assurances that it would find him full-time work.

On May 10, 1975, claimant was given work in the west hills area of Portland. On that job he was required to put many miles on his automobile during his work hours, but was not reimbursed for that mileage. When he refused to continue working at that location on that basis, he was offered other work in the St. John's area—at least as far from his home as the west hills area—for four hours per night, at $2.20 per hour, with no reimbursement for transportation. At that point he quit and subsequently applied for unemployment benefits.

As we have said repeatedly, we do not review de novo. Even if the facts are undisputed, we cannot disturb a reasonable conclusion drawn from them, even though were we sitting as triers of fact we might well

reach a different conclusion. *Cantrell v. Employment Division,* 24 Or App 215, 545 P2d 143 (1976). Here we think the undisputed evidence is susceptible of only one reasonable conclusion—that the claimant had good cause to leave his employment.

His maximum gross earnings were $8.80 per night. In order to get to his place of employment he had to use his own automobile because public transportation was not readily available during his hours of employment. He had to drive approximately 40 miles per night to and from work. The state, ORS 292.250, has determined that 11 cents per mile is a reasonable amount to allow state employes for use of personal automobiles on state business.[1] We think it a fair assumption that this is based upon a determination that such an amount is compensatory only. It does not require much computation to demonstrate that claimant's net compensation would have been *de minimis.*

Reversed.

---

[1] Effective July 1, 1975, this mileage allowance was increased to 14 cents per mile. Oregon Laws 1975, ch 525, p 1119.