Submitted on record and briefs August 9, affirmed September 7, 1976

CONOVER, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 76-3466, CA 6096)

CONOVER, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 76-3467, CA 6097)

554 P2d 603

John Svoboda, and Sanders, Lively & Wiswall, Springfield, filed the brief for petitioner.

Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem, filed the brief for respondent Employment Division.

No appearance for respondent Edward Hines Lumber Company.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

PER CURIAM.

## PER CURIAM.

Claimant contends that the Employment Appeals Board was in error in two orders, in each of which it disqualified claimant from benefits on the ground that he voluntarily left work without good cause, ORS 657.176(2)(c). In one instance he was claiming benefits as a result of terminating his employment on September 4, 1975. In the other instance the period of unemployment due to his leaving work commenced November 20, 1975. In each instance the referee affirmed the administrator's decision disqualifying claimant under ORS 657.176(2)(c), and in each instance the Employment Appeals Board, in affirming, adopted as its own the referee's decision. There is evidence to support the findings and conclusions of the referee as adopted by the Employment Appeals Board, and since our review is not de novo, but only for substantial evidence, we affirm. *See Grigsby v. Employment Division,* 24 Or App 499, 546 P2d 788 (1976). The referee's findings and conclusions are complete and concise. We set them forth in pertinent part and in chronological order:

"FINDINGS OF FACT: (1) Claimant worked for the employer from 1953 until September 4, 1975. At separation, he worked as a boxcar loader * * *. (2) Claimant was off work for several months in 1973, because of a leg injury. (3) Claimant's leg began giving him pain again in about July, 1975. He missed several days of work until he finally left work on September 4, 1975. (4) Claimant did not ask for a leave of absence. (5) Claimant returned to work for the employer on November 10, 1975. (6) The employer has a collective bargaining agreement * * *. Pursuant to that agreement, the employer fills jobs using a bid system. Claimant did not bid on any other jobs before he left his work on September 4, 1975. (7) Claimant had been previously advised by his doctor to seek lighter work. (8) The employer explained the bid system to the claimant in August, 1975.

"CONCLUSION: Claimant left work voluntarily without good cause. Good cause exists when work is unsuitable or when a person leaves work for compelling personal

[ 673 ]

reasons. Although the specific task to which claimant was assigned (loading boxcars) was becoming unsuitable because of his leg condition, the employer had other potential work available. The claimant, for reasons of his own, did not utilize the employer's bid system to try to find another more sedentary job. Neither did he seek a leave of absence until his leg condition should improve. For these reasons, claimant has not established the work unsuitable nor has he shown a compelling personal reason for leaving work when he did.

"\* \* \* \* \*"

"FINDINGS OF FACT: (1) Claimant worked for the employer from 1953 until his separation from work on September 4, 1975. He returned to work for the employer on November 10, 1975, and again left his work on November 20, 1975. (2) At the November 20, 1975 separation from work, claimant worked cutting kiln and planer stickers. He worked from 7:00 a.m. to 4:00 p.m., Mondays through Fridays, earning $5.07 per hour. (3) Claimant left work November 20, 1975, because his leg was bothering him. He had suffered an occupational injury in 1973. (4) On or about October 20, 1975, claimant saw his doctor who advised him to seek more sedentary work involving less heavy lifting or weight bearing. (5) The employer has a collective bargaining agreement \* \* \*. Pursuant to that agreement, the employer fills jobs using a bid system. Claimant did not bid on any other jobs before leaving his work on November 20, 1975. (6) Claimant did not seek a leave of absence before abandoning his job.

"CONCLUSIONS: Claimant left work voluntarily without good cause. Good cause exists when work is unsuitable or when a person leaves work for compelling personal reasons. Claimant made no effort to preserve his job with the employer by seeking a leave of absence or by attempting to bid on a less demanding job. He was aware of the bid procedure but for reasons of his own, elected not to use it.

"\* \* \* \* \*"

Affirmed.