JONES, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 76-AB-1292, CA 7649)
566 P2d 542

Norval E. Baran, Oregon Legal Services Corporation, Pendleton Region, Pendleton, argued the cause and filed the brief for petitioner.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Buttrey Foods Company, Inc.

Before Thornton, Presiding Judge, and Tanzer and Johnson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

Claimant appeals from an Employment Appeals Board (EAB) decision affirming a referee's determination that claimant had refused suitable employment and was therefore disqualified from receiving unemployment benefits. ORS 657.176.

The facts as found by the referee were:

"(1) The claimant last worked as a custodian worker in March 1976 and was paid $663 per month. (2) On September 14, 1976, the claimant was referred to a job as a bakery clerk for the employer. The claimant interviewed for that position on the same day. (3) The position was a fill-in worker for 30 to 32 hours per week at $2.50 per hour, with raises every 600 hours, up to a maximum salary of $3.50 per hour. (4) Had the claimant accepted the job, she would have been required to hire a babysitter to care for her children during certain daytime hours. (5) The claimant was offered the position but refused it because it was part-time work at a low wage, and she would have netted less than her unemployment insurance benefits each week."

The referee's conclusions were:

"The claimant failed to accept suitable work when offered to her. Among other factors considered in determining the suitability of work are the claimant's prior experience and earnings, length of unemployment and prospects for securing work in his or her customary occupation. The claimant had been unemployed for about five and one half months at the time of the job offer, and had sought, but had been unable to find work as a custodian. She felt able to perform the job offered, but the wages and part-time nature of the position led the claimant to refuse the job offer. The wages offered the claimant were lower than her previous earnings but were not shown to be below the prevailing rate for similar positions in the area."

The EAB adopted the referee's decision in this case.

[ 105 ]

We agree that the referee's decision properly applied the criteria of ORS 657.190[1] and 657.195(1)(b).[2]

The Oregon case closest in point is *Grigsby v. Employment Div.,* 24 Or App 499, 546 P2d 788 (1976), where we affirmed an order of the Division that the claimant, a security guard, was justified in refusing to work reduced hours which in turn reduced his income to the point that after deducting necessary on-the-job expenses the remuneration amounted to less than a living wage. The instant case is plainly distinguishable on the facts from *Grigsby.*

■ Claimant cites a number of cases from other jurisdictions where the courts allowed unemployment benefits despite the claimant's refusal of a job which paid lower wages than his last previous employment.[3] The short answer here is that the Oregon statute, ORS 657.190, vests a reasonable discretion in the administrator in determining whether a particular job constitutes suitable work. Judicial scrutiny of the decisions of an administrative agency is not for the purpose of

[1] ORS 657.190 provides:

"In determining whether or not any work is suitable for an individual, the administrator shall consider, among other factors, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation and the distance of the available work from his residence."

[2] ORS 657.195(1)(b) provides:

"(1) Notwithstanding any other provisions of this chapter, no work is deemed suitable and benefits shall not be denied under this chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions:

"* * * * *

"(b) If the remuneration, hours or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality."

[3] *Ball v. Rev. Bd.,* 149 Ind App 494, 273 NE2d 869 (1971); *Johnson v. Administrator, Division of Employ. Sec.,* 166 So2d 366 (La App 1964); *In re Potvin,* 132 Vt 14, 313 A2d 25 (1973); *Johns-Mansville v. Bd. of Review,* 122 NJ Super 366, 300 A2d 572 (1973); *Palmer v. Bureau of Unemployment Compensation,* 19 Ohio Op2d 363, 177 NE2d 806 (1961); *Nygren Unempl. Compensation Case,* 184 Pa Super 138, 132 A2d 727 (1957). *See also,* 76 Am Jur2d 976-77, Unemployment Compensation § 71 (1975).

substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations, and has not acted arbitrarily or on an ad hoc basis. *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975).

In *Grigsby v. Employment Div., supra* at 501-02, we said that this court will not disturb a reasonable conclusion drawn from the facts by EAB even if the court, were it sitting as triers of fact, might reach a different conclusion. *Accord: Wilton v. Employment Div.,* 26 Or App 549, 553 P2d 1071 (1976).

In the absence of a showing that the administrator failed to apply the statutory or agency criteria, or abused his discretion in reaching that decision, or that the order is otherwise contrary to law, ORS 183.482(8), the order will be affirmed. We find no abuse of discretion or other basis for overturning EAB's order here.

Affirmed.