LEE, J.
Petitioner appeals from a decision of the Employment Relations Board (Board) upholding his dismissal for insubordination. ORS 240.555(1).[1]
In February, 1975, petitioner accepted a position as "Field Representative” for the State Manpower Planning Division (Division) of the Executive Department. In April, 1976, petitioner, who was stationed in Redmond, Oregon, was informed that he was being transferred to Salem as part of a reorganization of the Division. Petitioner was told that in Salem his working title would be "Manpower Analyst” and he would devote less time to field representative work and would have certain additional grant writing responsibilities which had not been part of his former duties. On May 5, 1976, petitioner advised the director of the Division that he would not accept the position in Salem and requested termination of his services as "Field Representative” but he refused to resign. The director then gave petitioner notice of his transfer pursuant to Personnel Division Rule 46-600.[2] When petitioner failed to report for duty in Salem, he was dismissed for insubordination.
Petitioner contends that the position of "Field Representative” was abolished and he was being transferred to a "new position” so he was not obliged to accept the transfer. Respondent contends that petitioner was subject to a geographic transfer to essentially the same position with a new title. The Board found that the "Field Representative” positions were not abolished.
*[772] The decision of the Board must be affirmed if it is based on substantial evidence in the record. ORS 183.482(8)(d).[3] Substantial evidence can be "any reasonable evidence,” Hickam v. Morgan, 9 Or App 25, 28, 495 P2d 1234 (1972). We cannot disturb a reasonable conclusion drawn from the facts even though we might reach different conclusions were we sitting as triers of fact. Grisby v. Employment Div., 24 Or App 499, 501-02, 546 P2d 788 (1976). There was evidence that "the field representative would do what he had been doing plus grant officer responsibilities all for a smaller geographic area.” In addition, the letter notifying petitioner of the reorganization of the Division was referred to as "a transfer of the position.” There is substantial evidence that the "Field Representative” position was amalgamated in the "Manpower Analyst” position which was essentially only a change in the name of the position.
Petitioner also contends that the Division did not have authority to order a geographic transfer to a new position. This issue is resolved by the fact that we have found that petitioner was not transferred to a new position. Furthermore, the Division clearly had the authority under ORS 240.535[4] to transfer petitioner to a new position "in the same class or rank.” "Class” is defined as
"* * * a group of positions * * * sufficiently alike in duties, authority and responsibilities that the same qualifications may reasonably be required for, and the same schedule of pay can be equitably applied to, all positions in the group.” ORS 240.015(2).
*[773] The other issue raised by petitioner concerning eligibility for unemployment compensation is not properly before us.
Affirmed.

ORS 240.555(1) provides:
"The division shall establish by rule a procedure in accordance with this chapter whereby the appointing authority in any division of the service may suspend, reduce, demote or dismiss an employe thereof for * * * insubordination * * *.”

Personnel Division Rule 46-600 provides as follows:
"Appointing authorities shall give an employe 45 days notice of a geographic transfer if the transfer is being made without the consent of the employe.”

 ORS 183.482(8)(d) provides:
"The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:
"The order is not supported by substantial evidence in the whole record.”

ORS 240.535 provides:
"An appointing authority may at any time assign an employe from one position to another position in the same class or rank in his division of the service. * * *”