Argued and submitted February 11, reversed and remanded for reconsideration
May 11, 1994

Mike THOMPSON,
dba Mike Thompson Trucking,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Allen S. Davis,
*Respondents.*

(93-AB-824; CA A79923)

874 P2d 834

Robert B. Andrich argued the cause and filed the brief for petitioner.

Philip Schradle, Assistant Attorney General, waived appearance for respondent Employment Division.

No appearance for respondent Allen S. Davis.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

### De MUNIZ, J.

In this unemployment compensation case, employer (petitioner) seeks review of an Employment Appeals Board (EAB) order allowing claimant to include per diem meal allowances as income in claimant's base year.[1] We review for errors of law, ORS 657.282; ORS 183.482(8), and reverse.

EAB found, in part:

"(2) [Claimant's] base year, for determining weeks of work and receipt of wages, was the period of April 1, 1990 through March, 1991. (3) During that time, claimant drove a truck owned by the named employer * * *.

"* * * (5) [C]laimant was paid $600 or $800 by [employer], plus a meals per diem of $26 to $34 by the employer.[2] (6) Employer also reimbursed claimant for operating expenses which he incurred while on the road.

"(7) The employer, in calculating the amounts disbursed to claimant for his meals, merely counted the number of days that claimant was on the road during the pay period, multiplied that number by the per diem amount, and disbursed the resulting figure to claimant. * * *

"(9) The employer did not maintain a detailed expense account relating to the meals expenses incurred by claimant, nor was claimant required to return to the employer amounts of per diem in excess of amounts actually spent on meals.

---

"2   Petitioner testified that he paid claimant a per diem of $26 or $34 in 1990, depending upon which city claimant was in at the time. In 1991, the employer paid claimant $30 per diem." (Footnote 1 omitted.)

---

[1] ORS 657.010 provides, in part:

"(1) 'Base year' means the first four of the last five completed calendar quarters preceding the benefit year.

"* * * * *

"(3) 'Benefit year' means a period of 52 consecutive weeks commencing with the first week with respect to which an individual files an initial valid claim for benefits * * *."

ORS 657.150 provides, in part:

"(1)  An individual shall be paid benefits for weeks during the benefit year in an amount which is to be determined by taking into account the individual's weeks of work in subject employment in the base year as provided in this section."

EAB held that petitioner did not adequately account for claimant's meals, because claimant was reimbursed on a fixed per diem basis, regardless of how much he actually spent for meals. EAB held that the correct accounting method would have entailed an item-by-item cost analysis of claimant's meal expenses:

> "While the employer's records contained detailed accounts of the lodging and operating expenses incurred by claimant, the employer did not maintain detailed records of claimant's meal expenses. The employer merely paid claimant a fixed daily amount, without regard to amounts claimant actually spent on meals."

It concluded that petitioner's per diem method failed to comply with OAR 471-31-020 and that claimant was entitled to show the per diem amounts as income.

OAR 471-31-020 provides:

> "Moneys [sic] allowed to employees to reimburse them for expenses of meals in the event employees are required to perform work after their regular office hours and amounts paid to employees to reimburse them for traveling or other expenses actually incurred by them while performing service for the employer are not wages or payroll within the meaning of the Employment Division Law. No deduction may be made under this section unless an accurate detailed expense account is prepared by or with the knowledge of the employee and submitted to the employer in such form as will meet the requirements of the Internal Revenue Service [IRS] * * *."

Petitioner argues that claimant, who operated an interstate truck, is not entitled to have per diem meal disbursements included as wages. He explains that, under the IRS per diem method of accounting for meals, such an employee is reimbursed up to a fixed amount that is multiplied by the number of days the employee traveled. 26 CFR Ch 1, § 1.62-2 (1991); see also 26 CFR Ch 1, § 1.62-2T (1990). Petitioner reasons that the per diem method eliminates any need to maintain an item-by-item accounting for meals. He concludes that, because he has complied with the IRS requirements for meal accounting, he has also complied with OAR 471-31-020.

EAB did not consider whether petitioner's method of reimbursement conforms to IRS regulations. That was error. OAR 471-31-020 expressly provides that, if any employer meets

certain IRS accounting requirements for money reimbursement to employees, that reimbursement constitutes an expense rather than wages. Under IRS analysis, reimbursement of employee meal expenses will not be counted as income if it constitutes an "accountable plan." 26 CFR Ch 1, § 1.62-2 (1991); *see also* 26 CFR Ch 1, § 1.62-2T (1990). Under IRS regulations, three requirements must be met for reimbursements to constitute an accountable plan: (1) the expenses must have a business connection; (2) the employee must adequately account to the employer within a reasonable time; and (3) the employee must return any excess reimbursement within a reasonable time. 26 CFR Ch 1, § 1.62-2 (1991); *see also* 26 CFR Ch 1, § 1.62-2T (1990).

Under the third requirement, which relates to the return of any excess reimbursement, the IRS provides an exception:

> "[If the IRS prescribes a per diem amount, it] will be treated as satisfying the [requirement that excess reimbursement be returned to employer] even though the arrangement does not require the employee to return the portion of such an allowance that relates to the days or miles of travel substantiated * * * [provided that the expenses are reasonably calculated not to exceed the amount of the employee's expenses]." 26 CFR Ch 1, § 1.62-2 (1991).

*See also* 26 CFR Ch 1, § 1.62-2T (1990); IRS Publication 463, Ch 1, p 3-4 (1991).

In 1990, the federal per diem limit for meals was either $26 or $34, depending on the city in which an employee consumed meals. 41 CFR Ch 301, § 301-7.1 *et seq* (1991); *see also* IRS Publication 463, Ch 1, p 4 (1991); 41 CFR Ch 301, App A (1991). In 1991, a standard per diem rate of $30 was offered to taxpayers in the transportation business. Under that system, the per diem cost remained fixed at $30, regardless of the city in which the employee consumed meals. Rev Proc 90-60 § 4.04, 2 Cum Bul (1990); *see also* IRS Publication 463, Ch 1, p 4 (1991).

Here, EAB neglected to consider that aspect of OAR 471-31-020 dealing with an employer's satisfaction of IRS requirements. In *Jones v. Employment Div.*, 30 Or App 103, 106-07, 566 P2d 542 (1977), we said:

"Judicial scrutiny of the decisions of an administrative agency is not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has *applied the criteria prescribed by statute and by its own regulations* \* \* \*." (Emphasis supplied.)

*See also Harsh Investment Corp. v. State Housing Division*, 88 Or App 151, 157, 744 P2d 588 (1987), *rev den* 305 Or 273 (1988). The same reasoning applies here. EAB failed to apply OAR 471-31-020 in total. It must do so on reconsideration.

Reversed and remanded for reconsideration.