Argued and submitted August 7, affirmed November 25, 1998, petition for review denied March 23, 1999 (328 Or 365)

# STATE OF OREGON,
*Respondent,*

*v.*

# SPENCER NATHAN MIHM,
*Appellant.*

## (C962655CR; CA A98190)

972 P2d 890

Laura Graser argued the cause and filed the brief for appellant.

Jonathan Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

After a trial to a jury, defendant was found guilty of four counts of first-degree burglary, ORS 164.225, and one count of unlawful use of a weapon, ORS 166.220. The sentencing court ranked two of the burglary convictions in crime category 9. OAR 213-04-002(2). Defendant appeals and assigns error to the ranking of the convictions in crime category 9. Defendant seeks to have his convictions reduced to crime category 8 and requests that the case be remanded for resentencing. We affirm.

Defendant and a codefendant burglarized the residence of Senoran and Manousos by pushing past Manousos at the entryway, going up a stairway, and pounding on Senoran's bedroom door. When Senoran called the police, defendant and his codefendant headed downstairs. After defendant left the house, he told Manousos, "We're going to get you." Manousos thought that the comment applied to Senoran, who remained upstairs.

The jury was instructed that if it found defendant guilty of burglary, it must answer "yes" or "no" to three questions: (1) Was the building occupied?; (2) Did defendant threaten each victim with physical injury?; and (3) Did defendant use a firearm? The jury answered "yes" to the first and second questions.

The questions correspond with factors that affect the rating of the seriousness of the crimes for sentencing purposes. OAR 213-04-002(2) provides:

> "When the statutory definition of an offense includes a broad range of criminal conduct, the offense may be subclassified factually in more than one crime category to capture the full range of criminal conduct covered by the statutory offense. The list of subclassified offenses is set forth as Appendix 3."

OAR Appendix 3 provides:

> "Burglary I shall be ranked at Crime Category 9 if any of the following factors were included in the commission of the offense:

"a.)   The offender was armed with a deadly weapon; or

"b.)   The offender caused or threatened physical injury to the victim."

At the sentencing hearing, the court rejected defendant's argument that the "threatened physical injury" factor could not be used to enhance his sentence.

On appeal, defendant assigns error:

"The trial court erred when it ruled that there was sufficient evidence to support a finding that the defendant threatened physical injury to the victim Manousos, and thus in ruling the burglary would be a 'level 9.'"

He argues:

"The evidence was insufficient to support that finding beyond a reasonable doubt, as a matter of law. The defendant's 'get you' comment was not 'included in the commission of the offense' and it was not a threat of physical injury to Manousos. The trial court erred in finding the evidence sufficient, and thus it erred in sentencing the defendant at a 'level 9.'"

The state responds that defendant waived his claim that the evidence was insufficient when he did not move for a judgment of acquittal at the close of the evidence, nor did he except to the jury instructions as given.

The Supreme Court has provided an instructive summary of the import of the sentencing guidelines:

"In 1987, the Oregon legislature authorized the Oregon Criminal Justice Council to develop a set of mandatory felony sentencing guidelines that would establish presumptive sentences for all felonies, subject to deviation in appropriate cases. Or Laws 1987, ch 619. At the same time, the legislature created the State Sentencing Guidelines Board (the Board) to serve as the administrative body that would adopt the guidelines in the form of administrative rules. *Id.* §§ 3-4. In May 1989, the Board completed that task and, in July, the legislature expressly approved the guidelines. Or Laws 1989, ch 790, § 87. The guidelines took effect on November 1, 1989.

"The centerpiece of the sentencing guidelines is the 99-block Sentencing Guidelines Grid. *See* OAR ch [213], app 1

(setting out the grid). A 'Crime Seriousness Scale' serves as the vertical axis of the grid. * * * The appropriate sentence for a given felony conviction is determined by (1) locating the appropriate category for the crime of conviction on the Crime Seriousness Scale; (2) locating the appropriate category for the convicted offender on the Criminal History Scale; and (3) locating the grid block where the two categories intersect. Each grid block contains what is called a 'presumptive sentence' * * *. OAR [213]-05-001.

> "*A sentencing judge must impose a presumptive sentence within the range established by the appropriate grid block unless there are 'substantial and compelling' reasons in aggravation or mitigation,* in which case the judge may depart from the presumptive range. OAR [213]-08-001, [213]-08-002. If the judge chooses to impose a sentence of greater or lesser length than that allowed by the presumptive range, the sentence is called a 'durational departure.' Such a sentence is subject to various limiting rules[.]" *State v. Davis,* 315 Or 484, 486-88, 874 P2d 834 (1993) (footnotes omitted, emphasis added).

Defendant does not challenge the sufficiency of the evidence in order to vacate his conviction. Rather, he attacks the placement of his convictions on the Crime Seriousness Scale at level 9 for purposes of sentencing. In light of the way in which defendant frames his assignment of error, the issue is whether the trial court had the authority under the guidelines to impose any sentence other than a sentence based on a category 9 ranking.

ORS 132.557 provides:

"(1)   When a person is charged with a crime committed on or after November 1, 1989, that includes subcategories under the rules of the Oregon Criminal Justice Commission, the state is required to plead specially in the indictment, in addition to the elements of the crime, any subcategory fact on which the state intends to rely to enhance the crime for sentencing purposes. * * *

"(2)   The state must prove each subcategory fact beyond a reasonable doubt and the jury shall return a special verdict of 'yes' or 'no' on each subcategory fact submitted."

In the indictment, the state pled specially the sub-category allegation that defendant had threatened Manousos with physical injury. After the state presented its evidence, defendant could have asked that that allegation be removed from the jury's consideration. For whatever reason, he made no such motion, electing to submit that issue to the jury.[1] Thereafter, the jury made the factual finding that defendant threatened Manousos with physical injury, implicitly finding that the state had proven its allegation beyond a reasonable doubt. The verdict was received without objection, the jury was then discharged, and the case continued for purposes of sentencing. Defendant challenged the sufficiency of the evidence regarding the crime seriousness classification for the first time at sentencing, and then only for the purpose of reducing his convictions to category 8 crimes.

We hold that a defendant cannot collaterally attack a jury verdict regarding a subcategory factor that the state must plead and prove for purposes of sentencing in addition to the elements[2] of a charged crime. Under the sentencing guidelines, a trial court is without authority to impose other than the presumptive sentence based on the jury's verdict, unless it elects to depart. By challenging at the time of sentencing what amounts to a jury determination of fact, defendant asks the trial court to trump the jury's decision and to ignore the statutory scheme that compels trial courts to sentence in accordance with the verdict rendered. To accept defendant's argument would be contrary to the legislature's mandate that trial courts impose presumptive sentences

---

[1] The parties and the trial court recognized at the time of sentencing that defendant could have addressed the crime seriousness classification factors at the time of trial. The trial court, in an effort to avoid the delay of possible post-conviction relief process, considered the issue on its merits and ruled that the evidence was sufficient to submit the matter to the jury. Although the trial court's effort is commendable, it can only lawfully rule within the scope of authority granted to it by the applicable statutes.

[2] In *State v. Merrill*, 135 Or App 408, 412, 899 P2d 712, *rev allowed* 322 Or 193 (1995), *rev dismissed as improvidently allowed* 323 Or 73 (1996), we held that when an indictment properly alleges the elements of the underlying offense, the inclusion of alternative grounds for enhancing the sentence does not create additional offenses. We relied on our holding in *State v. Stewart*, 123 Or App 147, 149, 859 P2d 545 (1993), *on recons* 126 Or App 456, 868 P2d 794 (1994), *aff'd on other grounds* 321 Or 1, 892 P2d 1013 (1995). That case held that it was not error to refuse to give a proposed instruction that treated the sentencing factor as an "element" of the crime.

based on crime seriousness classifications. Accordingly, the trial court did not err in refusing to reduce defendant's convictions to a category 8 crime.

Affirmed.