Argued and submitted October 17, remanded for reconsideration
November 30, 1983, reconsideration denied January 13,
petition for review denied February 8, 1984 (296 Or 411)

METCALF et al,
*Petitioners,*

*v.*

ADULT AND FAMILY SERVICES
DIVISION,
*Respondent.*

(5-2401-AE3124-1; CA A28769)

672 P2d 379

Robert M. Atkinson, Salem, argued the cause and filed the brief for petitioners.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Petitioners seek reversal of an order of Adult and Family Services Division (AFS), which terminated their general assistance benefits on a determination that petitioner, Betty Metcalf, was not unemployable under the criteria of OAR 461-05-311 and 461-05-316.[1] They claim that the order failed to demonstrate a rational connection between the findings of fact and the conclusion, that AFS erroneously placed the burden of proof on Mrs. Metcalf to prove continued unemployability and that it applied an incorrect standard of proof.

The relevant rules provide:

"A person is considered unemployable when a short-term diagnosed physical or mental incapacity as certified by a licensed medical professional specified in rule 461-05-315 prevents the person from engaging in any type of gainful employment. The condition must be expected to last for a period of 60 days or more from the date of request:

"* * * * *

"(2)  A person will not be considered unemployable if there is any work the person can do which will not jeopardize his or her physical or mental condition, regardless of whether work is available and regardless of location. Social factors such as training, education, and place of residence will not be considered." OAR 461-05-311

"Gainful employment is any kind of work for which earned income, as specified in rule 461-04-501, is received regardless of the adequacy to meet need. However, the following are situations where the person may be considered unemployable when engaged in work or work-type activities: Working against medical advice; or engaging in work-type activities related to an activity center, or a sheltered workshop." OAR 461-05-316.

AFS's order on reconsideration adopted the following relevant findings of the hearings officer's original decision:

"[Medical Review Team] received and reviewed a medical report dated December 8, 1982 by Dr. Richard Turner, Internal Medicine and Cardiology; Osteopathic Physician and Surgeon.

---

[1] There was no contention that Mr. Metcalf was employable.

"* * * * *

"Dr. Turner feels that Mrs. Metcalf could not return to her former occupation as a licensed practical nurse or other occupations which would require lifting. Dr. Turner suggested she could be retrained for another occupation which would be less demanding."

Petitioners contend that, from those findings, it cannot be concluded that Mrs. Metcalf is capable of employment and that, if that conclusion can be made from the facts found, there is no explanation in the order why the facts found lead to the conclusion of employability. *See Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975).

■ We conclude that there is a clear demonstration of a rational connection between the findings and the conclusion. The hearings officer recited that, because the physician believed Mrs. Metcalf could be retrained for an occupation other than nursing that would be less demanding, it could be inferred that he also believed that she was capable of the work for which she could be retrained. The conclusion that petitioner is capable of some work and was not unemployable is permissible under OAR 461-05-311(2).

Next, petitioners contend that AFS erroneously placed the burden on Mrs. Metcalf to demonstrate her continued unemployability. She argues that, having once been found unemployable, the burden is on AFS to prove that her condition has changed and that she has become employable. ORS 183.450(2) provides, in part:

"* * * The burden of presenting evidence to support a fact or position in a contested case rests on the proponent of the fact or position."

Petitioner relies on *Harris v. SAIF,* 292 Or 683, 690, 642 P2d 1147 (1982), where the court said that, in the absence of an agency rule to the contrary, the burden of proof should generally rest on the party requesting a modification of a prior order:

"* * * [W]here the insurer or employer seeks to reduce or terminate a claimant's disability compensation award, it is incumbent upon it to establish sufficient change of circumstances. *Bentley v. SAIF,* [38 Or App 473, 590 P2d 746 (1979).] Conversely, where the claimant seeks to have his or

her award increased, the claimant has the burden of proof. * * *" 292 Or at 690-91. (Citations omitted.)

■ AFS has, however, adopted OAR 461-09-097(5), which clearly places the burden of proof on petitioner to demonstrate her continued unemployability:

"The burden of presenting evidence to support a fact or position rests on the proponent of the fact or position. Per rule 461-04-200, [Applicants/Recipients] must establish initial and continuing need for public assistance. Therefore, the burden of proof is on the client to prove initial and continuing eligibility for assistance."

■ Petitioners contend that, if Mrs. Metcalf had the burden to prove unemployability, the hearings officer applied an incorrect standard of proof. His order on reconsideration contains the following comments that lend support to her contention:

"* * * [A]lthough Mrs. Metcalf does suffer from osteoarthritis, there is not a clear showing that she cannot work within the definitions set forth by the rule. * * * In our review of the record, it is our conclusion that Mrs. Metcalf has not conclusively shown that she cannot do any kind of work."

The burden on her to prove continued unemployability is by a preponderance of the evidence in the absence of some legislative adoption of a different standard. The Division does not contend otherwise but says that the language quoted should be viewed in the context of the whole order and that any ambiguity between the original order which did not contain the quoted language and the order on reconsideration should be ignored. Because we cannot say with certainty that the hearings officer applies the correct standard of proof, we remand for reconsideration.

Remanded for reconsideration.