Argued and submitted June 24, 1983, affirmed in part;
reversed in part January 18, 1984

In the Matter of the Deficiency Assessment
of Roy G. Harvey & Robert J. Harvey.

HARVEY et al,
*Petitioners,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(82-T-29; CA A26497)

674 P2d 1204

John Silk, Eugene, argued the cause for petititoners. With him on the brief was Bischoff & Strooband, Eugene.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an unemployment tax case in which petitioners challenge respondent's assessment of taxes for amounts paid to various providers of services to petitioners' logging partnership. We state our conclusions based upon a review of the record without extended written analysis. *The Ponderosa Inn, Inc. v. Emp. Div.*, 63 Or App 183, 193 n 1, 663 P2d 1291 (1983). We affirm in part and reverse in part.

■ ■    Under ORS 657.040 all services performed for an employer by an individual for remuneration are deemed employment unless the employer can show that the individual is and will be free from the employer's control and direction in performing the services and that the individual "customarily is engaged in an independently established business of the same nature as that involved in the contract of service[.]" ORS 657.040(2)(a).[1] A petitioner has the burden of proving the exemptions. *Kirkpatrick v. Peet*, 247 Or 204, 213, 428 P2d 405 (1967); *The Carpet Mill v. Emp. Div.*, 56 Or App 552, 555, 642 P2d 354 (1982). Although all persons who meet the first criterion (freedom from the employer's control and direction) are independent contractors under the traditional common law test, they remain employes for the purpose of unemployment taxation unless they have an independent business whose continued existence does not depend on its relationship with a particular employer. *Kirkpatrick v. Peet, supra,* 247 Or at 214.

■    Careful Cutters is a partnership of Roy Harvey's daughter and son-in-law and, for part of the period involved, their son. It did essentially all of its work for petitioners. While it bid on the jobs, petitioners always allowed it to bring the amount bid into a competitive range and always awarded it the contract. It kept its books separately and had one or two short term employes. It also appears to have been free of control in performance of the work. However, considering these and other factors, we cannot say that it is the kind of independent business that the statute contemplates. Petitioners have not carried their burden.

---

[1] Petitioners do not claim that the alleged employes are exempt under ORS 657.040(2)(b).

■ Jim Harvey Subcontract Logging is the assumed business name of Roy Harvey's cousin. Jim Harvey contracted with petitioners for yarding work at various times. At the same time, he worked for other loggers and did some logging of his own. He was self-employed before he began working for petitioners and, except for 1981, received less than half of his gross income from them for each year in issue. He was free of petitioner's control and, despite his heavy reliance on them for one year, generally was not dependent on them for his livelihood. Petitioners have established that his services were not subject to unemployment taxation.

■ Joe Westmoreland painted a truck for petitioners. There is nothing in the record which would support a finding that he had an independently established business. Jerry Dame painted the lettering on petitioners' truck. Roy Harvey testified that "he paints for everybody in the world," it is hard to get him to paint and "when you want him to paint, you've got to ask him about three months ahead of time." Petitioners have carried the burden as to Dame, but not as to Westmoreland. Petitioners paid $4 to Kelly Davis, a minor, to wash a truck. There is no evidence that he has an independent business, and petitioners have not shown that he is exempt.

■ Steve Gullick is a minor who volunteered to watch a fire for petitioners. They paid him $130, which they labeled a gift. However, Gullick provided services and was under petitioners' control in doing so. He was thus a common law employe. Under ORS 653.025, he was entitled to the minimum wage for the time he spent watching the fire. ORS 653.010(2) defines "employ" for minimum wage purposes to include "to suffer or permit to work" and allows an exception to the minimum wage for volunteers only if they volunteer their services to a charitable or religious organization. While the evidence does not show whether the payment to Gullick was equal to or greater than the minimum wage for the time he spent, the payment was legally not a gift but a wage for his services, and he was thus employed for remuneration.

Affirmed as to Careful Cutters, Joe Westmoreland, Kelly Davis and Steve Gullick; reversed as to Jim Harvey Subcontract Logging and Jerry Dame; remanded for recalcuation of tax due.