In the Matter of the Deficiency Assessment of
Automotive Technology, Inc.

AUTOMOTIVE TECHNOLOGY, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(87-T-167; CA A47486)

775 P2d 916

Richard S. Yugler, Portland, argued the cause for petitioner. With him on the brief was Merten & Yugler, Portland.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Petitioner seeks judicial review of an Employment Division referee's order sustaining the assessment of unemployment compensation taxes under ORS chapter 657. We affirm.

ORS 657.040 provides that all services performed by an individual for an employer are deemed employment unless the employer can show that the individual is and will be free from the employer's control and direction in performing the services. In addition, the employer must show that the individual either is "engaged in an independently established business of the same nature as that involved in the contract or service" or "holds oneself out as a contractor and employs one or more individuals to assist in the actual performance of services" and meets the criteria specified in the statute for an independent business. ORS 657.040(2)(a) and (b).[1] An employer has the burden of proving that it comes within one of the above exemptions. *Kirkpatrick v. Peet,* 247 Or 204, 428 P2d 405 (1967); *Harvey v. Employment Division,* 66 Or App 521, 674 P2d 1204 (1984).

1. Petitioner argues that the referee erred, because he required petitioner to carry its burden of proof by clear and

---

[1] ORS 657.040(2)(a) and (b) provide:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the assistant director that:

"* * * * *

"(2)(a) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service; or

"(b)  Such individual holds oneself out as a contractor and employs one or more individuals to assist in the actual performance of service and who meets the following criteria shall be deemed to have an independently established business:

"(A)  The individual customarily has two or more effective contracts except when the individual performs services as a faller or bucker in the logging industry.

"(B)  The individual as a normal business practice utilizes separate telephone service, business cards and engages in such commercial advertising as is customary in operating similar businesses.

"(C)  The individual is recognized by the Department of Revenue as an employer.

"(D)  The individual furnishes substantially all of the equipment, tools and supplies necessary in carrying out the contractual obligations."

convincing evidence, rather than by a preponderance of evidence. In the absence of legislation adopting a different standard, the burden to prove a particular fact or position in an administrative proceeding is by a preponderance of the evidence. *Metcalf v. AFSD,* 65 Or App 761, 672 P2d 379 (1983), *rev den* 296 Or 411 (1984). The pertinent statute here is ORS 657.683(4), which provides that the Division's assessment of unemployment taxation "shall be *prima facie* correct and the burden shall be upon the protesting employing unit to prove that it is incorrect." We do not read the statute to impose a clear and convincing evidence standard. Petitioner's burden is to disprove the correctness of the division's assessment by a preponderance of the evidence.

**2.**     However, we conclude that the referee used the correct burden of proof, even though there is language in the order that is arguably ambiguous. For example, he indicated in discussing a particular issue that he was "not convinced * * * after the evidence is weighed." In his analysis of another issue, he states that there was no "convincing evidence." Nonetheless, it is apparent from the order, viewed as a whole, that the referee balanced the evidence and applied a preponderance of the evidence standard in deciding if petitioner had established that the assessment was incorrect.

**3.**     Petitioner also asserts that the referee erred in failing to make specific findings as to each of the 17 factors relevant to deciding if an individual is customarily engaged in an independently established business. *See* ORS 657.040(2); *Kirkpatrick v. Peet, supra.* Petitioner contends that the agency's failure to make findings on all of those factors prevents it from effectively challenging the order and provides an incomplete basis for us to review the agency's action. We disagree. ORS 183.470(2) does require that an agency's findings of fact must consist of "a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order." However, neither the statute nor the case law requires that, in determining whether an employe is engaged in an independently established business of the same nature as the employer's, the agency's decision must be supported by all of the relevant factors or that all of the factors must be

addressed. There may be factors on which no evidence is presented or particular factors may not be probative one way or the other in the specific circumstances.

The failure to address all of the factors did not prevent petitioner from effectively challenging the order. Assuming that there was evidence in the record relating to the factors and that they were relevant to the decision, petitioner was not prevented from identifying that evidence, arguing its relevance to the ultimate determination and asserting that the agency's decision was incorrect as a matter of law.

Petitioner also argues that the referee did not consider the record as a whole and that, therefore, the order was not based on substantial evidence. *See Younger v. City of Portland,* 305 Or 346, 752 P2d 262 (1988). We conclude that the referee did sufficiently consider the evidence.

Finally, petitioner argues that the referee erred because he took "judicial notice" of facts outside the record and failed to notify petitioner of his intent to do so, as required by ORS 183.450(4) and OAR 471-40-025(7). However, each of the facts identified by petitioner as having been administratively noticed can either be found in the record or were permissible inferences from facts in the record.

Affirmed.