Argued and submitted March 30, affirmed September 28, 1994

In the Matter of
Jerome Sobel, Applicant.

Jerome SOBEL,
*Petitioner,*

*v.*

BOARD OF PHARMACY,
*Respondent.*

(111-90; CA A68878)

882 P2d 606

Daniel Patrick Woram argued the cause for petitioner. Dean Taylor filed the opening brief and Daniel Patrick Woram and Feldman & Woram filed the supplemental briefs.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

Rossman, P. J., dissenting.

## LEESON, J.

Petitioner seeks review of an order of the Board of Pharmacy (Board), contending that the Board erred in refusing to grant him a pharmaceutical license by reciprocity. We affirm.

To obtain a pharmacist license by reciprocity, an applicant must:

"(a) Have submitted a written application in the form prescribed by the board.

"(b) Have attained the age of 18 years.

"(c) Have good moral character and temperate habits.

"(d) Have possessed at the time of initial licensure as a pharmacist such other qualifications necessary to have been eligible for licensure at that time in this state.

"(e) Have engaged in the practice of pharmacy for a period of at least one year or have met the internship requirements of this state within the one-year period immediately previous to the date of such application.

"(f) Have presented to the board proof of initial licensure by examination and proof that such license and any other license or licenses granted to the applicant by any other state or states have not been suspended, revoked, canceled or otherwise restricted for any reason except nonrenewal or the failure to obtain required continuing education credits in any state where the applicant is licensed but not engaged in the practice of pharmacy.

"(g) Have successfully passed an examination in jurisprudence given by the board.

"(h) Have paid the fees specified by the board for issuance of a license." ORS 689.265.

ORS 689.405(1) sets forth the general bases for discipline of a pharmacist, and also provides:

"The State Board of Pharmacy may refuse to issue * * * the licenses of any person * * * upon one or more of the following grounds:

"* * * * *

"(f) Fraud or intentional misrepresentation by a licensee or registrant in securing or attempting to secure the issuance or renewal of a license."

An action taken by the Board pursuant to ORS 698.405(1) "shall be considered a contested case under ORS 183.310 to 183.550," the Administrative Procedures Act (APA). ORS 689.405(2).

In August, 1989, petitioner applied to the Board for licensure by reciprocity.[1] ORS 689.265. In the section of the application entitled, "Record of Charges, Convictions, and Fines Imposed on Applicant," petitioner stated:

> "I have not been convicted, fined, disciplined or had my license revoked for violation of pharmacy, liquor or drug laws, nor am I presently charged with any such violations. I have not been convicted of any felony, nor am I presently charged with the commission of a felony."

A Board investigation revealed that 18 months earlier, on February 23, 1988, the Texas State Board of Pharmacy had entered an "Agreed Board Order," signed by petitioner and his attorney, that disciplined petitioner for violations of the Texas Pharmacy Act and imposed a fine of $1,250. The Board's investigation also revealed a November 7, 1972, report from the Texas Department of Public Safety that documented petitioner's suspensions from pharmaceutical practice for violations of law.[2]

---

[1] The application for transfer of a pharmaceutical license also requires an applicant to provide background information regarding that person's residence, pharmaceutical practice, training, practical experience, and previous licensure. It does not require disclosure of previous applications for licensure that were denied.

[2] The November 7, 1972, investigation report from the Texas Department of Public Safety stated:

"*DETAILS*

"1. THE SCRIPT SHOP, Registered Pharmacist - Owner Jerome I. SOBEL and Attorney Irwin Acker, appeared before the Texas State Board of Pharmacy in Austin, Texas, on October 24, 1972.

"2. THE SCRIPT SHOP, Pharmacy Permit #2393, was charged with violation of Article 4542a, Revised Civil Statutes of Texas, Section 17 and Sub-section (d)(4). They were found guilty as charged.

"3. Registered Pharmacist Jerome I. SOBEL, Pharmacist's Certificate #16155, was charged with violation of Article 4542a, Revised Civil Statutes of Texas, Section 12 and Sub-sections b and f. He was found guilty as charged.

"4. THE SCRIPT SHOP Pharmacy Permit #2393 was suspended until June 1, 1973, and the suspension was probated except for eight (8) days, from January 8, 1973, through January 15, 1973.

5. The Texas State Board of Pharmacy suspended Jerome I. SOBEL'S Pharmacist's Certificate #16155 for three (3) years, and probated the suspension except for thirty (30) days from January 8, 1973, through February 6, 1973."

The hearings officer's findings included the following:[3]

"8. Based upon a standard of a preponderance of the evidence, when [petitioner] certified in his application to the Oregon State Board of Pharmacy, under oath, that he had not been convicted, fined or disciplined or had his license revoked for violation of pharmacy, liquor or drug laws, the evidence established that he intentionally misrepresented facts clearly known to him because:

"a) [Petitioner's] testimony that he did not know of the 1972 suspension of his license and pharmacy permit and that he did not read the Stipulated Order he signed before the Texas State Board of Pharmacy in 1988, is not persuasive or credible based upon a preponderance of the evidence in this case, including an assessment of licensee's demeanor at hearing;

"b) [Petitioner] is not credible when he testified that he believed the 1988 Texas board order was expunged and that he did not know there were charges against him or fines paid;

"c) With reasonable diligence, [petitioner] could have ascertained that his sworn statement to his application for licensure of no prior convictions, fines or disciplinary revocation of his license was not true, and further that he had no reasonable basis to believe the statement to be true."

The hearings officer concluded that petitioner's application for licensure as a pharmacist in Oregon by reciprocity should be denied under ORS 689.405(1)(f).

---

[3] The procedural history of that Board order is somewhat complicated. In May, 1990, the Board notified petitioner of its proposed denial of his application on the ground that petitioner had recklessly or intentionally made a material misrepresentation of fact in his application, in violation of ORS 689.405(1)(f). Petitioner did not contest that proposed order, and the Board issued its final order by default. The Board found in that order that petitioner had been disciplined as a licensed pharmacist by the Texas Board of Pharmacy; that petitioner had stated under oath in his application for licensure in Oregon that he had not been disciplined for violation of pharmacy or drug laws; and that the statement was material and had been intentionally or recklessly made. The Board concluded that petitioner had acted in violation of ORS 689.405(1)(f), and that his application for licensure by reciprocity should be denied on that ground.

Petitioner then sought to set the order aside. The Board denied the request, and petitioner sought judicial review. Then, the Board withdrew its final order and held a hearing, after which it issued an amended order denying petitioner's application. Based on clear and convincing evidence, the Board found that petitioner had recklessly made material misrepresentations, but had not intentionally provided false information on his application. Petitioner again sought judicial review, and the Board again withdrew its order. The Board then issued its order on reconsideration, which is the subject of this review.

On review, petitioner assigns multiple errors to the Board's order that adopted the hearings officer's recommended order. We address only his contention that the Board erred in using a preponderance of the evidence standard when it concluded that he had committed fraud or intentional misrepresentation in his application.

Petitioner contends that, like common law fraud, the statutory violation must be shown by clear and convincing evidence. The state responds that the preponderance of the evidence standard is appropriate and applicable because this is a proceeding under the APA.

The APA does not expressly prescribe a standard of proof applicable to administrative proceedings. However, we have held that in an administrative hearing the burden of proof "is by a preponderance of the evidence in the absence of some legislative adoption of a different standard." *Metcalf v. AFSD*, 65 Or App 761, 765, 672 P2d 379 (1983), *rev den* 296 Or 411 (1984). Petitioner concedes that there is no statutory authority for a clear and convincing standard of proof in a Board of Pharmacy case, but, citing *Riley Hill General Contractor v. Tandy Corp.*, 303 Or 390, 407, 737 P2d 595 (1987), contends that fraud or intentional misrepresentation must be proved by clear and convincing evidence. Petitioner's reliance on *Riley Hill General Contractor v. Tandy Corp.* is misplaced, because that case only articulated the standard of proof that is applicable in a common law civil action for deceit. The court was free to decide the appropriate standard of proof as a matter of common law, because that case did not arise under the APA.

Petitioner also argues that we should recognize an exception to the preponderance of the evidence standard in this case, as we did in two other APA cases involving fraud and misrepresentation. In *Bernard v. Board of Dental Examiners*, 2 Or App 22, 36, 465 P2d 917 (1970), we required that fraud be shown by clear and convincing evidence when the Board of Dental Examiners revoked a dentist's license on the ground that the practitioner had engaged in fraudulent billing practices. In doing so, we analogized the revocation of a dentist's license to attorney disciplinary proceedings that require clear and convincing proof of unethical attorney conduct. *See In re J. Kelly Farris*, 229 Or 209, 367 P2d 387

(1961); *see also In re Lathen*, 294 Or 157, 159, 654 P2d 1110 (1982). In *Van Gordon v. Ore. State Bd. of Dental Examiners*, 52 Or App 749, 629 P2d 848 (1981), we relied on *Bernard v. Board of Dental Examiners, supra*, in holding that the Board had the burden of establishing fraud by clear and convincing evidence in a proceeding to revoke a dental license.

We need not decide whether those cases remain viable in the light of subsequent APA cases, such as *OSCI v. Bureau of Labor and Industries*, 98 Or App 548, 780 P2d 743, *rev den* 308 Or 660 (1989), and *Automotive Technology v. Employment Division*, 97 Or App 320, 775 P2d 916 (1989), that have applied the preponderance of the evidence standard articulated in *Metcalf v. AFSD, supra. Bernard* and *Van Gordon* are not dispositive in this case, because both of those cases involved license *revocations*. The narrow question in this case is whether, in a license *application* proceeding under the APA, the Board is required to prove fraud or intentional misrepresentation by a standard more rigorous than preponderance of the evidence.

■ ■ We have held that a professional who has been granted a license to practice acquires a right to practice that profession and risks disgrace and loss of livelihood if the license is revoked. *Bernard v. Board of Dental Examiners, supra*, 2 Or App at 29-30. Those considerations are absent when the issue is whether to grant a license. In deciding whether to issue a license, the Board of Pharmacy must consider the policy purposes of chapter 689: "* * * to promote, preserve and protect the public health, safety and welfare by and through the effective control and regulation of the practice of pharmacy[,]" ORS 689.025(2), and to ensure "that only qualified persons be permitted to engage in the practice of pharmacy in the State of Oregon." ORS 689.025(1). In an application proceeding, it is the applicant who has the burden of establishing eligibility, qualifications and fitness. *See* ORS 689.255; ORS 689.265. Requiring the Board to apply the more rigorous standard of clear and convincing evidence in order to deny a license on the grounds of fraud or misrepresentation would undermine the statutory goal of ensuring that only qualified persons be permitted to

practice pharmacy in Oregon.[4] We hold that, absent legislative adoption of a different standard, an applicant's fraud in attempting to secure a license to practice pharmacy may be established by the same preponderance of the evidence standard generally applicable to contested cases under the APA.[5]

The Board did not err in refusing to grant petitioner a pharmaceutical license by reciprocity.

Affirmed.

**ROSSMAN, P. J.,** dissenting.

Because the majority decides that the facts of this case are distinguishable from other cases in which we have held that the clear and convincing standard of proof is applicable to proof of fraud in an administrative proceeding, it concludes that it need not discuss the authority most relevant to the question of whether that higher standard of proof might not also be applicable under these facts. I would answer, rather than avoid, the question that the parties have put to us. I would hold that the clear and convincing standard of proof is applicable and would reverse the Board and remand the case for yet another round of agency roulette.

In two cases, both of which involved proceedings before the Board of Dental Examiners, we held that the clear and convincing evidence standard of proof is applicable to show fraud as a basis for revoking a license to practice dentistry. *Bernard v. Board of Dental Examiners*, 2 Or App 22, 465 P2d 917 (1970); *Van Gordon v. Ore. State Bd. of*

---

[4] We agree with the dissent that "[w]hen * * * the fraud is against the public and it is the public's interest that is being protected by the proceeding, the stakes in the dispute are much higher." 130 Or App at 383. That is a compelling reason why the state should have to prove fraud only by a preponderance of the evidence in deciding whether to grant a license to a professional like a pharmacist.

[5] The Supreme Court has addressed the question of when civil statutory fraud may be subject to a higher standard of proof than a preponderance of the evidence. In *Mutual of Enumclaw v. McBride*, 295 Or 398, 667 P2d 494 (1983), it enunciated the following test for determining when a *statutory* action, although characterized as civil, requires proof by the higher clear and convincing standard:

"The 'proper occasion' for interpolating an intermediate measure of proof is in cases that are between 'civil' and 'criminal' and where what is to be established is akin to 'guilt.' " 295 Or at 405.

Because this case involves an application for a license, rather than a license revocation, we need not decide what impact, if any, the decision in *Mutual of Enumclaw* has on *OSCI v. Bureau of Labor and Industries, supra*.

*Dental Examiners,* 52 Or App 749, 629 P2d 848 (1981). In a separate line of cases, decided both before and after *Bernard* and *Van Gordon,* and not expressly related to proof of fraud, the general rule that has developed is that the standard of proof in an administrative proceeding is the preponderance of the evidence standard. *Cook v. Employment Division,* 47 Or App 437, 614 P2d 1193 (1980); *Metcalf v. AFSD,* 65 Or App 761, 672 P2d 379 (1983), *rev den* 296 Or 411 (1984); *Automotive Technology v. Employment Division,* 97 Or App 320, 775 P2d 916 (1989); *OSCI v. Bureau of Labor and Industries,* 98 Or App 548, 555, 780 P2d 743, *rev den* 308 Or 660 (1989); *see Bay v. State Board of Education,* 233 Or 601, 378 P2d 558 (1963). The quandary is readily apparent. When fraud is asserted in an administrative proceeding as a basis for denying a license to practice a profession, is the standard by which the fraud must be shown the preponderance of the evidence standard, or is some higher level of proof appropriate?

The majority rationalizes that, because this case involves denied *admission* to a profession rather than *revocation* of a license, the holdings of *Bernard* and *Van Gordon* are not applicable. There being no statutory basis for applying a higher standard of proof in this case, the majority concludes that the preponderance of the evidence standard controls. I cannot accept the majority's basis for distinguishing this case from *Bernard* and *Van Gordon.* A person who is denied access to a profession on the ground of fraud after years of preparation suffers no less indignity than one who is ousted from it. The same stigma of guilt is laid upon each. The majority does not attempt to support its distinction with a citation to authorities, and I assume that that is because there are none. The question that we must answer is whether fraud as a basis for exclusion from a profession should be subject to a higher standard of proof. Even apart from our holdings in *Bernard* and *Van Gordon,* decisions of the Supreme Court require that we answer that question in the affirmative.

The law of fraud, not unlike administrative law, has evolved along a unique course. Oregon, like most states, has held that, despite a statutory provision establishing the preponderance of the evidence standard as the standard applicable to civil cases generally, *see* ORS 10.095(5), the clear and convincing evidence standard is applicable to

proof of common law fraud. *Riley Hill General Contractor v. Tandy Corp.*, 303 Or 390, 407, 737 P2d 595 (1987). One reason for imposing the higher standard of proof is that the defendant against whom fraud has been shown is branded with something akin to guilt. 303 Or at 403.

This case does not involve common law fraud. Rather, petitioner is charged with violating a statutory provision that prohibits fraud or intentional misrepresentation on an application for licensure. In *Mutual of Enumclaw v. McBride*, 295 Or 398, 667 P2d 494 (1983), the Supreme Court enunciated the test for determining when a statutory action based on fraud, although characterized as civil, requires proof by the higher clear and convincing evidence standard. If the fraud is against a private party and the stakes are solely financial, the aim of the action is to obtain compensation for the private plaintiff rather than to punish. The loss to the party against whom fraud has been shown is no more severe than the consequences attaching to many disputes in tort or contract. The general preponderance of the evidence standard is applicable. When, however, the fraud is against the public and it is the public's interest that is being protected by the proceeding, the stakes in the dispute are much higher. If the fraud carries with it not mere financial consequence, but public stigma or loss of liberty, then the clear and convincing evidence standard is appropriate:

> "The 'proper occasion' for interpolating an intermediate measure of proof is in cases that are between 'civil' and 'criminal' and where what is to be established is akin to 'guilt.' " 295 Or at 405.

The ultimate inquiry is whether the statutory action is quasi-criminal or threatens the individual involved with "a significant deprivation of liberty or stigma." 295 Or at 407.

Contrary to the majority's thinking, the Supreme Court's analysis in *Mutual of Enumclaw* is applicable here. The fraud of an applicant in attempting to secure a license to practice pharmacy carries with it consequences that are more severe than the consequences attached to civil disputes generally. The loss of the ability to practice one's livelihood is more than financial. It is punitive. Additionally, it carries with it a negative stigma akin to guilt. Considering those consequences, I would hold that a determination that one has

committed fraud so as to bar the person from the practice of pharmacy is a determination that warrants application of the clear and convincing standard of proof. I would reverse the Board and remand the case for reconsideration.