AOYAGI, J.
*208 Petitioner seeks judicial review of an order of the Oregon State Board of Nursing revoking her nursing license and nurse practitioner certificate based on conduct derogatory to the standards of nursing. On review, petitioner raises five assignments of error. We reject petitioner's second through fifth assignments of error without discussion. We write only to address petitioner's first assignment of error, in which she argues that the board applied the wrong standard of proof. For the reasons that follow, we affirm.
We state the relevant facts as found by the board, along with undisputed procedural facts. See Gallant v. Board of Medical Examiners , 159 Or. App. 175, 177, 974 P.2d 814 (1999). Petitioner was a registered nurse and nurse practitioner who had worked in the field for 31 years. She worked at a hospital and also maintained a private practice providing Botox injections to clients. In conjunction with her private practice, petitioner wrote prescriptions, using prescription pads from her current employer and former employer without authorization. She also periodically *776 wrote prescriptions for friends and family without performing the necessary medical assessments, keeping records, or engaging in follow-up care. Most significantly, she prescribed repeated courses of narcotic pain medication with multiple refills to a fellow nurse, K. When K was later arrested for driving under the influence of intoxicants, possession of a controlled substance, and reckless driving, petitioner became very upset and was involved in a physical altercation with K. The board received a complaint related to that altercation, which led it to conduct an investigation.
After investigation, the board instituted revocation proceedings based on the foregoing facts. In those proceedings, petitioner argued that the board had to prove any allegations of fraud or deceit by clear and convincing evidence. In support of that position, she relied on Bernard v. Bd. of Dental Examiners , 2 Or. App. 22, 36, 465 P.2d 917 (1970), and Van Gordon v. Ore. State Bd. of Dental Examiners , 52 Or. App. 749, 765, 629 P.2d 848 (1981), both cases in which this court identified the clear and convincing evidence standard as the applicable standard of proof for fraud and deceit allegations *209 in license revocation proceedings. The board rejected petitioner's argument, concluding in its final order, "The preponderance of evidence standard is the applicable standard of proof as to all allegations in this proceeding, including those involving fraud and deceit." It explained the basis for that legal conclusion at length in its opinion, essentially concluding that Bernard and Van Gordon are no longer good law.
Applying the preponderance standard, the board concluded that a number of the allegations had been proved. It ultimately revoked petitioner's nursing license and nurse practitioner certificate. On review, petitioner contends that the board erred in applying a preponderance standard to the allegations involving fraud or deceit. She contends that the correct standard for those allegations is clear and convincing evidence.
We review an agency's legal conclusions-including its determination as to which standard of proof applies-for legal errors. See Broadway Cab LLC v. Employment Dept. , 358 Or. 431, 437-38, 364 P.3d 338 (2015).
Nearly 50 years ago, we stated in Bernard , a dental license revocation case: "It is elementary that fraud or misrepresentation is never presumed and that even in a civil action the burden is on the person claiming it to establish its existence by clear, satisfactory and convincing evidence." Bernard , 2 Or. App. at 36, 465 P.2d 917. From that well-established principle, without further analysis or reference to the Oregon Administrative Procedures Act (Oregon APA), we concluded, "The rule in license revocation proceedings requires at least this standard." Id. We then cited an attorney disbarment case, In re J. Kelly Farris , 229 Or. 209, 219, 367 P.2d 387 (1961), as stating the substance of that standard. Bernard , 2 Or. App. at 36, 465 P.2d 917.
We appear to have cited Bernard only once for the proposition that the applicable standard of proof for fraud and deceit allegations in an agency proceeding is clear and convincing evidence. In Van Gordon , 52 Or. App. at 765, 629 P.2d 848 -another dental license revocation case-we summarily stated, citing Bernard , "In a license revocation proceeding *210 based on fraud or misrepresentation, the Board has the burden of establishing the existence of fraud by clear, satisfactory and convincing evidence." Again, we made no reference to the Oregon APA. Notably, in Van Gordon , we concluded that there was no evidence to support the board's findings regarding misrepresentation, regardless of the standard of proof, so our statement in Van Gordon was actually dictum in that it did not affect the outcome. See id. at 765-67, 629 P.2d 848.
Except for Van Gordon , we have distinguished and limited Bernard repeatedly over the years. In Cook v. Employment Division , 47 Or. App. 437, 441, 614 P.2d 1193 (1980), we stated that the burden of proof in agency cases is generally a preponderance of the evidence. We noted that judicial review of an agency's factual determinations is for "substantial evidence" under ORS 183.482(8)(c) and that substantial evidence is "any reasonable evidence or such proof as a reasonable mind would employ to support a conclusion."
*777 Id. (quoting Wilton v. Employment Div. , 26 Or. App. 549, 551, 553 P.2d 1071 (1976) ). We concluded that "that definition adequately establishes that the burden of proof in [agency] cases is by a preponderance of the evidence, and not by some higher standard." Id.
After Cook , we repeatedly reaffirmed the preponderance standard as the standard of proof generally applicable in agency proceedings, as well as specifically rejected application of the clear and convincing standard on several occasions. For example, in OSCI v. Bureau of Labor and Industries , 98 Or. App. 548, 555, 780 P.2d 743, rev. den. , 308 Or. 660, 784 P.2d 1101 (1989), we concluded that the Commissioner of the Bureau of Labor and Industries had erred when she "purported to adopt the clear and convincing standard" for a particular affirmative defense. "[T]he burden of proof in an administrative hearing 'is by a preponderance of the evidence in the absence of some legislative adoption of a different standard.' " Id. (quoting Metcalf v. AFSD , 65 Or. App. 761, 765, 672 P.2d 379 (1983), rev. den. , 296 Or. 411, 675 P.2d 493 (1984) (emphasis in original) ).
A few years later, in Sobel v. Board of Pharmacy , 130 Or. App. 374, 381, 882 P.2d 606 (1994), rev. den. , *211 320 Or. 588, 890 P.2d 994 (1995), we affirmed the Board of Pharmacy's denial of a pharmaceutical license due to fraud. In doing so, we rejected the petitioner's contention "that the Board erred in using a preponderance of the evidence standard when it concluded that he had committed fraud or intentional misrepresentation in his application" for the license. Id. at 379, 882 P.2d 606. Reiterating that, "in an administrative hearing, the burden of proof is 'by a preponderance of the evidence in the absence of some legislative adoption of a different standard,' " we concluded that the petitioner's failure to identify any statutory authority to apply the higher clear-and-convincing standard was determinative. Id. at 379, 381, 882 P.2d 606. We also questioned the ongoing viability of Bernard and Van Gordon but ultimately distinguished them:
"We need not decide whether those cases remain viable in the light of subsequent APA cases * * * that have applied the preponderance of the evidence standard * * *. Bernard and Van Gordon are not dispositive in this case, because both of those cases involved license revocations . The narrow question in this case is whether, in a license application proceeding under the APA, the Board is required to prove fraud or intentional misrepresentation by a standard more rigorous than preponderance of the evidence."
Id. at 380, 882 P.2d 606 (emphases in original; internal citations omitted).
In 1999, we revisited the issue of the correct standard of proof in agency cases in Gallant , 159 Or. App. at 175, 974 P.2d 814, which involved suspension of a medical license. Although Gallant did not involve allegations of fraud, it is an important decision because it is the first in which we explicitly tied the standard of proof in agency cases to ORS 183.450. That statute, which is part of the Oregon APA, requires that any sanction imposed or order issued as a result of a contested case must be "supported by, and in accordance with, reliable, probative and substantial evidence." ORS 183.450(5). That language has been included in the Oregon APA since 1957.[1]
*212 In Gallant , we concluded that ORS 183.450(5)"sets the specific quantity of evidence necessary to establish an allegation." 159 Or. App. at 180, 974 P.2d 814. Recognizing that "standards of proof and standards of review are not synonymous"-a repudiation of the reasoning of Cook -we identified ORS 183.450 as the locus of the standard of proof under the Oregon APA. 159 Or. App. at 181, 974 P.2d 814. We then reviewed the historical context and legislative history of ORS 183.450(5) and ultimately concluded that, "in enacting ORS 183.450(5), the legislature intended to prescribe a standard of proof that corresponded to the preponderance standard."
*778 159 Or. App. at 183, 974 P.2d 814. We further concluded that that standard was generally sufficient to meet due process requirements. Id. at 183-85, 974 P.2d 814. As in Sobel , we questioned, but ultimately distinguished, Bernard and Van Gordon :
"With respect to the burden of proof issue, the analysis of [ Bernard and Van Gordon ] is questionable because we did not in either case purport to base our decision on either statutory or constitutional grounds. Rather, we derived the clear and convincing standard of proof by analogizing the administrative proceeding to a civil action concerning fraud and to an attorney disciplinary proceeding. Bernard , 2 Or. App. at 36 [465 P.2d 917] ; see also Van Gordon , 52 Or. App. at 765 [629 P.2d 848] (merely citing and relying on Bernard ). Furthermore, the rationale in Bernard for a higher standard of proof relied in part on the allegation of fraud, which is not present here. Bernard , 2 Or. App. at 36 [465 P.2d 917]. For those reasons, Bernard and Van Gordon are not dispositive in this case."
Gallant , 159 Or. App. at 186, 974 P.2d 814.
Since Gallant , we have continued to recognize the preponderance standard as the standard generally applicable in agency cases. See, e.g. , Sawyer v. Real Estate Agency , 268 Or. App. 42, 57, 342 P.3d 104 (2014) ("[T]he agency had the burden to prove the allegations against petitioner by a preponderance of the evidence[.]"); Corcoran v. Board of Nursing , 197 Or. App. 517, 532-33, 107 P.3d 627 (2005) (applying standard).
This case presents squarely the question that we have previously avoided: does Bernard accurately state the standard of proof in license revocation proceedings governed by the Oregon APA? In Sobel , 130 Or. App. at 380, 882 P.2d 606, we *213 rejected the proposition that fraud and misrepresentation must always be proved by clear and convincing evidence in every license-related proceeding-but left open the possibility of applying that standard in license revocation proceedings. And, in Gallant , 159 Or. App. at 185, 974 P.2d 814, we rejected the proposition that clear and convincing evidence is necessary in disciplinary proceedings involving health care professionals-but again left the fate of Bernard and Van Gordon for another day.
Today is that day. We now decide what we have previously suggested: Bernard does not accurately state the applicable standard of proof in license revocation proceedings governed by the Oregon APA. ORS 183.450(5) sets the standard of proof for agency proceedings, and, although it does not use the traditional terminology of our established burdens of proof, we have already concluded that it is synonymous with the preponderance of the evidence standard. Gallant , 159 Or. App. at 185, 974 P.2d 814. Thus, by statute, as interpreted by this court, the standard of proof that generally applies in agency proceedings, including license-related proceedings, is the preponderance standard.
As we recognized in Sobel , license revocation is a grave matter. The grant of a license gives a person the right to practice a profession, and the revocation of that license "risks disgrace and loss of livelihood." 130 Or. App. at 380, 882 P.2d 606. At the same time, we have said repeatedly, including in Sobel , that the standard of proof in an administrative proceeding "is by a preponderance of the evidence in the absence of some legislative adoption of a different standard." Id. at 379, 882 P.2d 606 (emphasis in original); see also OSCI , 98 Or. App. at 555, 780 P.2d 743 (same); Metcalf , 65 Or. App. at 765, 672 P.2d 379 (same). In other words, short of a constitutional limitation, imposing a higher standard of proof in a particular type of agency proceeding than that provided in ORS 183.450(5) is a matter for the legislature, not the court. Petitioner has identified no legislative adoption of a higher standard of proof for license revocation proceedings or for State Board of Nursing proceedings.
We must not, and do not, lightly overrule prior decisions of this court. State v. Civil , 283 Or. App. 395, 416, 388 P.3d 1185 (2017). We overrule only decisions that are *214 " 'plainly wrong,' a rigorous standard grounded in presumptive fidelity to stare decisis ." Id. at 406, 388 P.3d 1185. Here, our decision in Bernard -and, by extension, the dictum in Van Gordon -fails to account for *779 ORS 183.450 and cannot be reconciled with subsequent case law regarding ORS 183.450. Under the circumstances, overruling Bernard is the only way to achieve consistency in our application of ORS 183.450.
Lastly, petitioner makes a brief constitutional argument that there is no rational basis to apply a preponderance standard to nursing license revocation while, as noted in Bernard , requiring clear and convincing evidence in attorney disbarment cases. Petitioner did not make that argument before the board, so it is unpreserved. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"); Watts v. Oregon State Bd. of Nursing , 282 Or. App. 705, 708, 386 P.3d 34 (2016) (same rule applies to judicial review of agency action). In any event, petitioner overlooks the fact that Oregon State Bar Rule of Procedure 5.2 specifically imposes a clear and convincing evidence standard for attorney misconduct: "The Bar has the burden of establishing misconduct by clear and convincing evidence." No such rule applies to the State Board of Nursing.
The board correctly applied the preponderance standard of proof in petitioner's license revocation proceeding, including as to allegations of fraud and deceit.
Affirmed.

That language initially appeared in ORS 183.450(1), but, in 1971, the legislature moved it to ORS 183.450(5). 1971 Or. Laws, ch. 734, § 15. Gallant includes the statement: "In 1971, the APA was amended to include ORS 183.450(5)." 159 Or. App. at 181, 974 P.2d 814. That is technically correct but may be misleading. The same language was previously contained in ORS 183.450(1).